BURNETT, APPELLEE, *v.* SEBEL, APPELLANT.

(No. 8351—Decided February 17, 1958.)

*Mr. Morris G. Sullivan,* for appellee.
*Mr. Leonard H. Shallat,* for appellant.

LONG, J.  This cause comes to this court from the Municipal Court by way of an appeal on questions of law.

In the amended petition the plaintiff alleges that the defendant made certain representations as to the condition of the real estate which plaintiff was buying, that said representations were false, and, that, as a result thereof, the plaintiff was damaged.

One John L. Bruening was interested in selling his real estate located at 421 Strafer Street, Cincinnati, Ohio, and the plaintiff purchased the same.  However, at the time of the closing of the deal on May 13, 1955, plaintiff was concerned about the condition of the plumbing in the premises and insisted that certain repairs should be made to the plaster on some of the walls.  It seems that the purchaser was not present at the closing, and that defendant was importuned by the son of the seller to look after his father's interests.  Previously, defendant and the son, Hubert Bruening, had been associated in other matters, and defendant assumed that, having been asked by the son to represent the father, he had some authority to negotiate the culmination of the sale.  To this end, defendant signed a written memorandum as follows:

"MEMORANDUM

"May 13, 1955

"I hereby agree as follows as to 421 Strafer St., Cincinnati, Ohio:

"Plaster to be repaired where cracked and necessary, said repairs to be made immediately. On completion Mr. Burnett to approve.

"Plumbing guaranteed in perfect working order for a period of nine months from date hereof.

"John L. Bruening

"Per ...............................

"Samuel Sebel, Agent"

It is admitted by defendant that he had no authority to sign such an agreement, and that as a result thereof plaintiff was damaged.

The case was tried to the court and resulted in a judgment in favor of plaintiff in the sum of $301.32 as compensatory damages and $250 as punitive damages.

Various errors are complained of, among which is that the trial court was wrong in allowing punitive damages. It is this last claim of error with which this court is concerned. Let us look at the amended petition upon which plaintiff went to trial. The allegation and the sole one upon which the plaintiff claims to be entitled to punitive damages is as follows: "Defendant held himself to be the agent of Mr. Bruening with complete authority to act for him when in fact he was not." We have searched the record in vain to find any evidence indicating malice or intention to injure the plaintiff. We are referred to the case of *Saberton* v. *Greenwald*, 146 Ohio St., 414, 66 N. E. (2d), 224, 165 A. L. R., 599, which held that punitive damages were recoverable in the case of the sale of a watch. However, in that case it was alleged in the petition that the salesman deliberately deceived and perpetrated a fraud upon plaintiff, intending to make her believe that a watch knowingly defective, which had its works soldered, and which works were removed from an old case and placed in a new one, would make a suitable graduation present. As a matter of fact, the plaintiff there alleged that she left the selection of the watch to the salesman who represented fur-

ther that the watch was waterproof. The Supreme Court said that the evidence in the *Greenwald case* justified a finding of "fraud, malice and insult," in an action *ex delicto* based on deceit and fraud.

The instant case has none of those features. We choose to follow the rule in *Ketcham* v. *Miller*, 104 Ohio St., 372, 136 N. E., 145, where, even in a breach of lease with forcible entry following, punitive damages were not allowed.

In the case of *Refrigeration & Air Conditioning Institute* v. *Rine*, 80 Ohio App., 317, 75 N. E. (2d), 473, where a student breached his contract with a correspondence school, only compensatory damages were allowed.

In the case at bar, defendant was merely "talking big." He actually thought there was nothing wrong with the plumbing; and that he could have Bruening give a nine months' guaranty as to its perfect condition. He also was of the opinion that where the plaster was cracked, it ought to be fixed immediately, and that Bruening should agree to that. How can you turn this action into one *ex delicto*, carrying with it the element of malice authorizing punitive damages? The answer is, you can not. Malice is never presumed, it must be proved, or the thing done must be of such character as to leave no question that it was motivated by malice and intent to injure. Not all tort actions are of such character as to warrant punitive damages. Awards of punitive damages are usually confined to cases involving actual malice, such as assault, false arrest, malicious prosecution, and the like. We can not say that in the case at bar the defendant's misrepresentation of his authority to bind his principal was of such a character.

For the foregoing reasons, the judgment of the Cincinnati Municipal Court is affirmed as to the compensatory damages in the sum of $301.32 and reversed as to the punitive damages in the sum of $250.00, and this cause is remanded to the Cincinnati Municipal Court for execution of this judgment.

*Judgment affirmed in part and reversed in part.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.