WILCHINS ET AL., APPELLEES, *v.* POOL ET AL., APPELLANTS.

[Cite as Wilchins v. Pool (1971), 29 Ohio App. 2d 223.]

(No. 11320—Decided May 3, 1971.)

*Mr. Milton M. Bloom* and *Mr. Leon L. Wolf,* for appellees.

*Messrs. Bauer, Morelli & Heyd,* for appellants.

YOUNG, J. This is an appeal from a judgment of the Common Pleas Court of Hamilton County entered in favor of the plaintiffs, appellees herein, against the defendants, appellants herein, for compensatory damages in the sum of $29,500 and punitive damages in the sum of $10,500, for a total of $40,000, for damages alleged to have been sustained by the appellees in a real estate transaction with the appellants.

The pertinent facts are as follows.

The appellees, who will hereafter be referred to as Wilchins, purchased residential property from the appellants, who will hereafter be referred to as Pool and Rosen.

The transaction was handled by Pool for both defendants and a number of representations were made by him in the course of the transaction.

The purchase contract was prepared by a Mrs. Ehoodin, a friend and agent of Wilchins, and contained the following language:

"10. This offer and acceptance thereof shall constitute the entire agreement of the parties, and no oral or verbal or implied agreement or understanding shall cancel or vary the terms of this contract."

Neither the contract, nor the warranty deed, executed and delivered pursuant thereto, contained any covenants or warranties as to the condition of the premises except item nine of said contract of purchase, which reads:

"9. The seller agrees that, upon delivery of deed, the improvements constituting part of the real estate shall be in the same condition as they are on the date of this offer, reasonable wear and tear excepted."

The first assignment of error urges that the court should have stricken the opinion testimony because the wrong concept of value was used.

Mrs. Ehoodin testified on behalf of Wilchins that the difference in value between the way the property was represented to be and the way it actually was at the time of the sale was $29,500.

In accordance with the rule enunciated by the Supreme Court in *Molnar* v. *Beriswell*, 122 Ohio St. 348, this is the proper test where, as in this case, the sale is alleged to have been induced by fraud. Therefore, the first assignment of error is not well taken.

The second assignment of error is that the court should have stricken the testimony of Mrs. Ehoodin because (a) she could give no rational basis to justify her value figure, (b) she had no comprehension of the component facts in the hypothetical question, and (c) she had no comprehension of the impact of these elements on value, because she had no idea as to the costs of repair.

The Court finds this assignment of error is not well taken for the matters complained of therein go to the

weight of such evidence and do not, in and of themselves, make such testimony incompetent.

The third assignment of error is that the court erred in not allowing counsel for the defendant to cross-examine Mrs. Ehoodin with hypothetical questions and in failing to allow defendants a sufficiently broad latitude in cross-examination.

Since the testimony of Mrs. Ehoodin was the principal testimony offered by the plaintiff to justify the amount of his claim for compensatory damages and was obviously the basis for the amount fixed in the judgment of the court, her testimony must be carefully scrutinized.

From an examination of the bill of exceptions, the Court finds the third assignment of error to be well taken and that there was an abuse of discretion by the trial court in refusing to permit counsel for the defendants to cross-examine this witness with reference to the basis for her opinions and to test her ability as an expert by the use of hypothetical questions.

The fourth assignment of error is that the court erred in its findings and in allowing the introduction of evidence of alleged representations and warranties by the defendants, and their alleged failure to comply therewith, because such was not pleaded and they violated contract law concepts.

The representations of the defendants were similar to those in the case of *Burnett* v. *Sebel,* 106 Ohio App. 86, and were described therein as "talking big." The statements appear to have been in the nature of "puffing" in a manner more or less customary, particularly in dealings between real estate agents, and much of the preliminary negotiation in this instance was between Pool and Mrs. Ehoodin as the agent of the appellees.

The court was not limited to the bare contract between the parties and did not err in permitting the testimony relating to their preliminary negotiations.

The fifth, sixth and seventh assignments of error relate to the assessment of punitive damages by the trial court.

The only estimate as to the cost of rectifying the items complained of was $8,700. There was a marked difference in the testimony offered by each party as to the construction of the house and driveway and as to their condition at the time of the transfer of title to Wilchins.

After hearing all the evidence, the court found in favor of the plaintiffs for the full amount of the prayer for compensatory damages in the sum of $29,500, and for attorney fees of the plaintiffs in the sum of $10,500 as punitive damages, and entered judgment in favor of plaintiffs for $40,000.

The record in this case indicates that the trial court would have been justified in awarding compensatory damages to the plaintiffs, but that the amount awarded was not justified by the evidence presented.

This Court finds the sixth and seventh assignments of error are not well taken, but that the fifth is proper in that the testimony as to any malice of the defendants or of an intent to defraud the plaintiffs does not adequately support the finding of the trial court that "the representations constituted a gross and malicious fraud and a very corrupt condition of affairs as well as a reckless disregard of the rights of Wilchins, evidencing an evil intent."

There being insufficient evidence of malice or intent to injure the plaintiffs, there was therefore no basis for the finding of gross and malicious fraud and no basis for awarding punitive damages.

The judgment of the Court of Common Pleas of Hamilton County is reversed as being manifestly against the weight of the evidence and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HESS, J., concur.