**Simon P. McKINNON**

v.

**Robert E. TIBBETTS.**

Supreme Judicial Court of Maine.

Feb. 3, 1982.

Sherman & Ringer, Robert J. Ringer, Jr. (orally), Alan Sherman, Waterville, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Malcolm L. Lyons (orally), Michael D. Seitzinger, Augusta, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

In this fraud action, plaintiff McKinnon sued his former attorney, Robert Tibbetts, for $50.00 compensatory damages[1] and punitive damages. A jury verdict for the plaintiff in the amount of $10,000.00 was returned in the trial held in Superior Court, Kennebec County. Defendant has appealed, claiming *inter alia* that the trial court abused its discretion in allowing plaintiff to amend his complaint, that there was insufficient evidence of fraud to support a verdict for plaintiff, and that the award of punitive damages was erroneous as a matter of law. We find no evidence to warrant submission of the punitive damages issue to the jury, and reverse the judgment as to the award of punitive damages.

Plaintiff went to defendant's law office in August or September 1970 to discuss a claim he felt he had against one Edward Jacob, who operated a frozen seafood business. Plaintiff told defendant that beginning in 1963 and continuing through 1968–69 he had located freezer plants for Jacob, and that Jacob owed him some money for these services. After a lengthy interview, defendant accepted a $50.00 retainer and stated that he believed plaintiff had a claim and that he would pursue it.

Defendant sent two letters to Jacob requesting compensation for plaintiff's services and received a note stating that Jacob had never hired plaintiff and owed him nothing. Defendant testified that for a few months after the initial consultation plaintiff visited the office frequently to discuss the case. However, plaintiff stated that he did not go to the office after September 1970. Defendant apparently thought plaintiff enjoyed visiting and talking with him, and, allegedly to protect plaintiff's feelings, told plaintiff that he was pursuing the claim even though he was not taking any action and had in fact decided that the claim was without merit. Defendant also testified that he did advise plaintiff of the worthlessness of the claim, but that plaintiff did not seem to listen or understand.

---

1. At trial, the parties stipulated that actual damage to plaintiff consisted of the cost of several long distance phone calls to defendant and other minor expenses totaling $50.00.

In April of 1974, defendant wrote plaintiff a letter stating that since the case had been pending for such a long time and could not be scheduled for hearing for at least two more months, he was returning the $50.00 retainer but promised "to act on your behalf in this matter". Defendant testified that he had thought the case would die of its own accord.

At some time in 1974, four years after bringing his case to the attention of the defendant, plaintiff consulted another attorney and as a result this lawsuit was commenced in 1975. The complaint originally sounded in negligence, claiming that defendant was liable for malpractice. Approximately two years after plaintiff obtained new counsel in his suit against the defendant, the complaint was amended by leave of court on December 18, 1980, to include a count for fraud and a demand for exemplary damages. During the trial held on December 29, 1980, plaintiff voluntarily dismissed the negligence count of his complaint.

Judgment for the plaintiff in the amount of $10,000.00 was entered on December 30, 1980. A post-trial hearing on defendant's timely motions for a judgment notwithstanding the verdict, for a new trial, or in the alternative for remittitur, resulted in the issuance of an order granting defendant's motion for a new trial unless the plaintiff accepted a remittitur and this appeal was seasonably filed. Plaintiff has cross-appealed the remittitur he accepted.

### I. Amendment of Complaint

■ Defendant argues on appeal that the presiding justice abused his discretion in granting plaintiff's motion to amend the complaint because the motion was filed more than five years after suit commenced and less than four weeks before trial. The motion was filed on December 5 and granted on December 18; trial was held on December 29. Maine Rule of Civil Procedure 15(a) states the standard governing requests to amend: "... a party may amend his pleading ... by leave of court ... and leave shall be freely given when justice so requires."

Although defendant opposed the motion to amend at a hearing below, he also stated that "there is no reason for delaying the trial because we are not dealing with newly discovered evidence. These are facts known all along." Defendant therefore failed to show that the amendment would prejudice him. *Adams v. Alley*, Me., 340 A.2d 201 (1975). No evidence presented at the hearing suggested that the plaintiff was acting in bad faith or for delay. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 at 299–300 (1970). Under these circumstances, the hearing justice did not abuse his discretion in permitting the plaintiff to amend his complaint.

### II. Sufficiency of the Evidence

Defendant contends on appeal that the evidence of fraud was insufficient to support a jury verdict for the plaintiff. Specifically, defendant asserts that the plaintiff failed to meet his burden of proof on the fourth element of fraud:

> [A] defendant is liable for fraud or deceit if he (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) *for the purpose of inducing another to act or refrain from acting in reliance upon it*, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage. (emphasis added)

*Letellier v. Small*, Me., 400 A.2d 371, 376 (1979). There can be no doubt, based on the evidence presented at trial, that elements (1), (2), (3), and (5) were established by clear and convincing evidence as required in a fraud action. *Horner v. Flynn*, Me., 334 A.2d 194 (1975).

■ Defendant may be liable for fraud even though he may not have profited from the misrepresentation. *See Bean v. Herrick*, 12 Me. 262 (1835). The Restatement of Torts (Second) indicates that "one who believes that another is substantially certain to act in a particular manner as a result of a misrepresentation intends that result, although he does not act for the purpose of causing it and does not desire to

do so." Restatement of Torts (Second) § 531, Comment c (1977). Although the jury could have believed that the defendant did not wish to cause the plaintiff harm, the jury could, consistent with this finding, have found that defendant failed to tell plaintiff that no action had been taken so that plaintiff would continue to rely on defendant for legal advice and would not discover defendant's failure to commence suit and prosecute the claim to a successful resolution. A rational jury could have found that defendant knew with certainty that plaintiff, an elderly person of limited formal education, would not consult another attorney if defendant said he was still pursuing the claim. Thus, the jury would have been rational in deciding that defendant acted for the purpose of inducing plaintiff to refrain from taking additional action on his claim. We therefore affirm the judgment entered below for plaintiff so far as it reflects an award of compensatory damages for pecuniary loss.

### III. Punitive Damages

The jury awarded plaintiff $10,000.00 of which $9,950.00 was necessarily an award of punitive damages [2] and the remittitur order reduced this amount to $4,950.00. Defendant has argued both below and on appeal that the trial court erred in submitting the issue of punitive damages to the jury. Defendant asserts that there was insufficient evidence of malice, or wanton and reckless disregard of plaintiff's rights to support such an award.[3] We agree.

■ A majority of the courts confronted with this issue have held that punitive damages cannot be recovered in a fraud action unless the fraud was malicious, gross or wanton. See e.g. *Osterholt v. St. Charles Drilling Co., Inc.*, 500 F.Supp. 529 (E.D.Mo. 1980); *Maring-Crawford Motor Co., Inc. v. Smith*, 285 Ala., 477, 233 So.2d 484 (1970); *Northrup v. Miles Homes, Inc. of Iowa*, 204 N.W.2d 850 (Iowa 1973); *Burke v. Lappin*, 1 Mass.App. 426, 299 N.E.2d 729 (1973) (applying Illinois law); *Wilchins v. Pool*, 29 Ohio App.2d 223, 280 N.E.2d 396 (1971); *Hardy v. Toler*, 288 N.C. 303, 218 S.E.2d 342 (1975). Plaintiff relies on *Wedeman v. City Chevrolet Co.*, 278 Md. 524, 366 A.2d 7 (1976), as authority for awarding punitive damages in the absence of proof of malice. However, the Maryland court specifically required proof of "conduct of an extraordinary nature characterized by wanton or reckless disregard for the rights of others" before punitive damages could be awarded in an action of fraud. 366 A.2d at 13. Since punitive damages are intended as a deterrent to deliberate, malicious or grossly negligent conduct, see *Foss v. Maine Turnpike Authority*, Me., 309 A.2d 339 (1973), they should not be awarded for conduct which is simply actionable.

■ We can find no evidence on the record to suggest that defendant was acting wantonly or with reckless indifference to the rights of plaintiff. Although defendant's conduct was tortious, it did not rise to the level of "outrageousness" that is required before a rational jury may find by a preponderance of the evidence that punitive damages are warranted. See Restatement (Second) of Torts § 908, Comment (b) Tent. Draft 19 (1973). Accordingly, we reject the award of punitive damages.

The entry will be:

Appeal sustained in part, denied in part. Judgment for plaintiff for punitive damages in the amount of $9,950.00 reversed; otherwise the judgment of the Superior Court affirmed.

Cross-appeal of plaintiff denied.

All concurring.

---

2. The jury was instructed that the parties had stipulated actual damages to be worth $50.00.

3. Neither party has questioned the propriety of awarding punitive damages as a matter of judicial discretion. We assume, therefore, for the purposes of this opinion, that exemplary or punitive damages may be awarded where there is a rational finding of wanton, malicious, reckless or grossly negligent conduct.