MOFFITT ET AL., APPELLANTS, *v.* RICHARD M. HAMLIN CONSTRUCTION COMPANY, APPELLEE, ET AL.

(No. 12173 — Decided November 27, 1985.)

*Timothy S. Guster,* for appellants.

*R. T. Cunningham,* for appellee Richard M. Hamlin Constr. Co.

*Philip W. Murray,* for Marting Realty, Inc.

*Michael D. Baker,* for MacInnis Realty, Inc.

MAHONEY, J. Appellants, Kenneth and Barbara Moffitt, appeal the order of the Summit County Court of Common Pleas granting summary judgment in favor of appellee Richard M. Hamlin Construction Company ("Hamlin"). We affirm in part, reverse in part and remand.

In 1981, Hamlin sought to sell a newly constructed house it owned on Bancroft Road in the city of Fairlawn (the Bancroft property) and listed the property with MacInnis Realty, Inc. ("MacInnis"). The listing agreement between Hamlin and MacInnis contained a recitation of the lot size and disclosed that the neighbor's driveway encroached upon the land on the southern boundary line. Whether this encroachment was made known to prospective buyers is unclear from the record.

Kenneth and Barbara Moffitt, working through Marting Realty, Inc. ("Marting"), were interested in purchasing a house like the Bancroft property, but with a larger backyard. After the house was built, the landscaper laid fresh sod in the backyard and on a large portion of the adjacent land. The Moffitts claim that this was done intentionally to mislead them into believing that the yard was much larger. The Moffitts also claim that when they were shown the house, Hamlin's agent walked over the freshly sodded area and indicated that it was all a part of the backyard.

On September 16, 1981, the Moffitts contracted with Hamlin to purchase the Bancroft property for $200,000. This contract provided that the sale would be closed on November 16, 1981. The contract further provided that Hamlin would replace an aluminum door with a wooden door "at builder's cost," meaning that Hamlin's cost would be passed on to the Moffitts with no profit realized. The contract made no mention of the neighbor's driveway encroachment.

The Moffitts later requested that the closing date be delayed one week to November 23, 1981. Hamlin was willing to delay the closing date, but claimed

that it was able to pass good title on November 16, 1981 and demanded and received a $525 fee for the delay. The Moffitts now claim that Hamlin was not able to convey good title on the original closing date because of the existence of a zoning violation.

Meanwhile, between the time the parties contracted for the sale of the property and the closing date, Hamlin negotiated with the neighboring landowner regarding the driveway encroachment and sold the affected area to that neighbor, but did not give the Moffitts credit toward the purchase price for the amount realized from this sale. The sale of the Bancroft property was finally closed on November 23, 1981, and a deed was given to the Moffitts conveying title to the Bancroft property, less the area Hamlin had sold to the adjoining landowner.

The Moffitts filed a complaint against Hamlin on August 23, 1982 for rescission and for damages for fraudulently misrepresenting the size of the lot, for overcharging for the door replacement, for fraudulently charging a fee for the delay in closing, for not crediting them for the amount realized in the sale of the area encroached upon and for punitive damages.[1] Hamlin, in response, filed a third-party complaint against MacInnis and Marting, claiming that they were responsible for any misrepresentations. While the case was pending, Mr. Moffitt's employer, the Ingersoll-Rand Company ("Ingersoll-Rand"), transferred him to Texas. At about this same time, Ingersoll-Rand entered into a "Contract of Sale" with the Moffitts concerning the Bancroft property. The sale price provided for was $207,000. Under this contract, the Bancroft property was to be sold to Ingersoll-Rand which would, in turn, sell it to a third party. The contract provided

that the Moffitts would supplement the later sale price by paying Ingersoll-Rand any amount they realized in their suit against Hamlin up to, but not to exceed, the difference between the $207,000 contract amount and the later sale price. The Moffitts were to keep any amount realized from the suit in excess of this difference. The Moffitts later sold the Bancroft property for Ingersoll-Rand to a couple named Costigan, not parties to this action, for $165,000.

Hamlin filed a motion for summary judgment pursuant to Civ. R. 56, which was later supplemented to stress that the "Contract of Sale" between Ingersoll-Rand and the Moffitts should bar recovery. The trial court granted Hamlin's motion, finding that because the sale price of the "Contract Sale" exceeded the amount the Moffitts paid, they were barred from recovery.

### Assignments of Error

"A. The trial court erred in ruling that the 'Contract of Sale' between the Moffitts and Ingersoll-Rand eliminated any right for the Moffitts to seek damages against Hamlin.

"B. The trial court erred in granting summary judgment in favor of Hamlin since genuine issues of material fact remain to be litigated."

Although the Moffitts claim that the "Contract of Sale" was really a forgivable loan and not a contract to sell at all, we find that the trial court correctly found it to be a true contract of sale. The document refers to the Moffitts as "sellers" and Ingersoll-Rand as "buyer," and clearly provides for the sale of the Bancroft property to Ingersoll-Rand or its nominee. The later sale to the Costigans appears to have been made by the Moffitts at Ingersoll-Rand's direction, and the proceeds were paid directly over to Ingersoll-Rand. Equitable title to the land therefore passed to Ingersoll-Rand when the contract was executed. *Gilbert* v. *Port*

---

[1] This complaint was later amended, dropping the demand for rescission.

100

(1876), 28 Ohio St. 276, 296; 19 Ohio Jurisprudence 3d (1980) 145, Conversion in Equity, Section 16.

Assuming that the Moffitts would prevail on their two fraud claims, the measure of damages would be the difference between the value of the lot as represented and the value of the property as actually sold. *Molnar* v. *Beriswell* (1930), 122 Ohio St. 348, paragraph one of the syllabus; *Wilchins* v. *Pool* (1971), 29 Ohio App. 2d 223, 224 [58 O.O.2d 374]. In this case, the Moffitts paid $200,000 for the lot as represented and later received $207,000 for it in its true form from Ingersoll-Rand. The Moffitts therefore have suffered no compensable loss from the assumed misrepresentation, and, in fact, realized a $7,000 profit. The trial court therefore properly found that the Moffitts were barred from recovering on the misrepresentation claims because of the sale to Ingersoll-Rand. Likewise, they cannot pursue punitive damages here because of the lack of actual damages. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 82; *Richard* v. *Hunter* (1949), 151 Ohio St. 185 [39 O.O. 24], paragraph one of the syllabus.

The Moffitts' claims regarding the alleged overcharge for the wooden door and the $525 charge for the one-week delay in closing are a different matter. These claims are for money, deal with matters not involved in the description or size of the property, and cannot therefore be merged into the deed. These claims concern overcharging and extraction of unearned fees in ancillary dealings. The record before the trial court discloses that factual issues still exist as to Hamlin's costs of replacing the door and its ability to pass title on the original closing date. These two claims must therefore be remanded to the trial court for further proceedings.

## Summary

Appellants' assignments of error are sustained in part and overruled in part. That part of the trial court's judgment granting summary judgment for Hamlin on the Moffitts' fraud claims is affirmed. That part of the trial court's judgment granting summary judgment as to the Moffitts' remaining claims is vacated and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment accordingly.*

GEORGE, P.J., and BAIRD, J., concur.