Laurent J. JOURDAIN and Rita
M. Jourdain

v.

James M. DINEEN.

Supreme Judicial Court of Maine.

Argued June 11, 1987.
Decided July 9, 1987.

---

Peter L. Murray, John C. Bannon (orally), Murray, Plumb & Murray, Portland, for plaintiffs.

James M. Dineen (orally), Kittery, pro se.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

James M. Dineen (Dineen) appeals from a judgment entered by the Superior Court, York County, upon a jury verdict finding that Dineen committed legal malpractice and was guilty of fraud during the course of his representation of the Jourdains in an underlying negligence action.[1] Dineen ar-

---

1. Except as to the fraud count, the judgment    also ran against a second defendant, James H.

gues that the Superior Court erred by failing to require the plaintiffs to prove the ultimate collectibility against the original tortfeasor of any judgment they would have obtained in the underlying negligence action, by permitting an award of damages for fraud without proof of pecuniary loss, and by ruling that pre-judgment interest on the fraud claim was to be calculated from the date of the filing of the malpractice complaint. The plaintiffs cross-appeal that portion of the court's judgment declining to measure pre-judgment interest on the malpractice claim from the last date on which Dineen could have filed a personal injury action on behalf of the Jourdains within the applicable statute of limitations.

## I.

On January 4, 1971 the Jourdains' automobile was struck from behind by an automobile driven by Anne Caramahalis. The Jourdains suffered injuries as a result of this collision. In early 1974 the Jourdains retained James M. and his father, James H. Dineen, also a practicing attorney, to represent them in a personal injury action against Caramahalis. Dineen accordingly entered into negotiations with Caramahalis's automobile insurance carrier. As a result of those initial negotiations, the insurance company reimbursed the Jourdains for the property damage to their automobile. During this time the Jourdains often telephoned Dineen to determine the status of their case and were told that the matter was progressing.

The statute of limitations on the Jourdains' personal injury claim expired on January 4, 1977. Dineen failed to file the personal injury action within the statute of limitations, filing the lawsuit on January 6, 1977. Dineen became aware of the statute of limitations problem when counsel for Caramahalis answered the complaint in February 1977. Caramahalis moved for a summary judgment based on the expiration of the six year period set forth in the statute of limitations and judgment was entered accordingly for Caramahalis. Dineen, however, did not inform the Jourdains about the true status of their lawsuit, and continued to tell them that their case was progressing. In November 1978, Dineen finally told the Jourdains that he had failed to file their lawsuit in a timely manner.

On October 27, 1979 the Jourdains commenced against Dineen the present legal malpractice action. On February 17, 1984 the complaint was amended to add a fraud claim against Dineen based on his failure to disclose to the Jourdains that he had failed to file the negligence action within the time period prescribed by the statute of limitations. A trial was held in October 1985, and the jury returned a verdict in favor of the Jourdains. The jury awarded $30,000 to Rita Jourdain and $5,000 to Laurent Jourdain on the malpractice claim and $10,000 to Rita Jourdain and $2,500 to Laurent Jourdain on the fraud claim.

Dineen thereafter filed a "Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial, to

Dineen. Notice of appeal was initially filed by both defendants, but subsequent thereto, James H. Dineen died. As of this date there has been no substitution of parties. On motion by the plaintiffs, filed approximately one month prior to oral argument, we dismissed the appeal of James H. Dineen for want of prosecution pursuant to Rule 75(c) of the Maine Rules of Civil Procedure. On the day before oral argument, Ruth E. Dineen and Marie T. Dineen, the widow and daughter, respectively, of James H. Dineen moved to vacate that dismissal and to intervene in this appeal. Prior to oral argument on the merits of the James M. Dineen appeal, the Court separately heard oral argument on this motion and ordered post-argument filing of memoranda. Upon due consideration, we deny the motion.

Because the moving parties in their motion to intervene claim no interest in this litigation other than a potential financial detriment resulting from the future enforcement of the plaintiffs' judgment against the estate of James H. Dineen, they lack a proper basis for intervention in the appeal. Cf. *Donna C. v. Kalamaras*, 485 A.2d 222 (Me.1984) (liability insurance company, with only indirect interest in litigation relating to how much any future award of damages against defendant might be attributable to conduct for which it insured defendant, lacked sufficient interest in subject of action to satisfy requirements for intervention of right under M.R.Civ.P. 24(a)).

Amend the Judgment and for Remittitur." A post-judgment hearing was held at which the court granted Dineen's motion to amend the judgment. The court amended the judgment to permit pre-judgment interest on the malpractice claim to run from the date of the filing of the malpractice complaint instead of from the last date on which Dineen could have filed the underlying personal injury action within the statute of limitations. Both parties appealed in a timely manner after entry of the amended judgment.

## II.

The Superior Court ruled that the plaintiffs were not required to prove the collectibility of any judgment they would have obtained in the underlying negligence action against Caramahalis. The court noted that existing Maine law places no such burden on a plaintiff in a legal malpractice action and observed that it would be unfair to require the plaintiff to prove "collectibility" since that issue would have had no relevance in the underlying, lost negligence action. Dineen contends that while no Maine cases have addressed the issue, the majority of jurisdictions that have done so require a plaintiff to prove "collectibility" in order to maintain successfully a viable legal malpractice action.

■ We have previously noted that "[a]ssuming negligent representation, a plaintiff must prove nevertheless that he could have been successful in the initial suit 'absent the attorney's negligent omission to act.'" *Schneider v. Richardson*, 411 A.2d 656, 658 (Me.1979) (quoting *Sohn v. Bernstein*, 279 A.2d 529, 532 (Me.1971)). The plaintiff must therefore submit proof of that claim to the jury as a "trial within a trial" of the attorney malpractice action. Dineen does not argue that he was not negligent. Rather, he contends that even if he were negligent, the Jourdains' legal malpractice claim against him must fail because they did not present evidence at trial establishing that they would have collected a judgment rendered against the original tortfeasor.

■ Many jurisdictions addressing this issue have concluded that collectibility of the judgment is an element of proof in a legal malpractice action and that the burden is generally placed on the plaintiff to prove collectibility. *See, e.g., Taylor Oil Co. v. Weisensee*, 334 N.W.2d 27, 29 n. 2 (S.D.1983); *McDow v. Dixon*, 138 Ga.App. 338, 226 S.E.2d 145, 146 (1976). We decline, however, to adopt such a rule for legal malpractice actions in Maine. Because uncollectibility of a judgment should be treated as a matter constituting an avoidance or mitigation of the consequences of one's negligent act, it must be pleaded and proved by the defendant. *See* M.R.Civ.P. 8(c). Accordingly, we adopt the rule that uncollectibility is an affirmative defense that must be pleaded and proved by the defendant. *See Hoppe v. Ranzini*, 158 N.J.Super. 158, 385 A.2d 913, 920 (App. Div.1978) (burden of proof on defendant). Since Dineen did not plead or prove uncollectibility, we affirm the Superior Court's ruling on this issue.

## III.

■ Dineen next contends that the evidence presented at trial by the Jourdains was insufficient to support the fraud award rendered by the jury. The jury's verdict against Dineen must be upheld if any credible evidence, and all justifiable inferences drawn from such evidence, viewed in the light most favorable to the plaintiff, supports the verdict. *See Blackman v. Jackson*, 458 A.2d 755, 756 (Me.1983). Dineen argues specifically that the Jourdains failed to establish that they suffered any pecuniary loss as a result of the defendant's concealment. Absent some pecuniary loss, he argues, the Jourdains' fraud claim must fail. The Jourdains contend that the mental and emotional pain and suffering brought on by Dineen's concealment satisfies the "damages" element of a fraud claim. In the alternative, the Jourdains maintain that they presented evidence of pecuniary loss sufficient to support the jury's verdict.

■ We have previously set forth the elements that must be proved to sustain a fraud claim:

[A] defendant is liable for fraud or deceit if he (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage.

*Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979) (footnote omitted). The central dispute here is whether the "damage" element of a fraud claim may only be established by proof of pecuniary loss.

We have previously implied that pecuniary loss is a necessary element of proof in a fraud action. For example, in *McKinnon v. Tibbetts*, 440 A.2d 1028 (Me.1982), an attorney malpractice case, we affirmed a fraud verdict to the extent it reflected "an award of compensatory damages for pecuniary loss." *Id.* at 1031. In that case $50 was stipulated by the parties to be "actual damages." We concluded that the remainder of the damage award, $9,950, "necessarily" constituted punitive damages. *Id.* Because the evidence did not support an award of punitive damages, we vacated all but the out-of-pocket damages awarded by the jury. *See also Wildes v. Pens Unlimited Co.*, 389 A.2d 837, 841 (Me.1978) (proper measure of damages in deceit action is the plaintiff's lost bargain). This view,

that pecuniary loss is the proper measure of damages in a fraud action, is consistent with that taken by the Restatement. *See* Restatement (Second) of Torts § 549 (1976).[2]

■ We therefore conclude that pecuniary loss is an essential element of a fraud action and that damages for emotional or mental pain and suffering are not recoverable. We see no reason to depart from the well-established view that fraud actions are essentially economic in nature and serve to protect economic interests. *See generally* D. Dobbs, *Handbook on the Law of Remedies* § 9.1 at 591–592 (1973).

■ Finally, a careful review of the record convinces us that no evidence of pecuniary loss flowing from Dineen's concealment of the true status of the Jourdains' case was presented by the plaintiffs. The evidence was therefore insufficient to support the jury's verdict and the award of damages for fraud is accordingly vacated.[3]

## IV.

■ The court initially ordered that prejudgment interest on the malpractice claim run from January 4, 1977, the last date on which the Jourdains could have commenced their negligence action against Caramahalis within the applicable statute of limitations. The defendant moved to amend the judgment, arguing that in accordance with 14 M.R.S.A. § 1602 (Supp.1986) pre-judgment interest must run from the date the

---

**2.** Section 549 reads:

(1) The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including

(a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

(b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation.

(2) The recipient of a fraudulent misrepresentation in a business transaction is also entitled *to recover additional damages sufficient to* give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty.

The Jourdains argue that section 549 and other sections of the Restatement referring to pecuniary loss do not limit damages to pecuniary loss, but rather, apply *when* damages are pecuniary. They support this view by noting that section 557A permits recovery for physical harm caused by a fraud. The Jourdains suggest that this section should be read to include emotional as well as physical harm. We disagree with this interpretation, but, in any event, our decision on this issue is based on what we perceive to be established and well-reasoned Maine law.

**3.** Because we vacate the award of damages for fraud, we need not and do not address defendant's argument with respect to calculation of pre-judgment interest on the fraud claim.

1308

malpractice action was filed, October 27, 1979. The court accepted this argument and amended the judgment accordingly. The Jourdains now contend that the court committed an error of law when it changed its position on pre-judgment interest and amended the judgment.

The Jourdains concede that a plain reading of § 1602 supports the court's ruling. They argue, however, that given the unique nature of a legal malpractice action, with its "trial within a trial" feature, special pre-judgment interest rules should apply. We disagree. Absent legislation to the contrary, the calculation of pre-judgment interest in legal malpractice actions is controlled by section 1602.

The entry is:

Motion of Ruth E. Dineen and Marie T. Dineen to intervene and to vacate dismissal denied.

Judgment on fraud count vacated. Remanded with instructions to enter judgment for defendant on fraud count.

In all other respects, judgment affirmed.

All concurring.