STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-11-557

TDW - CUM - 8/19/2013

POSSIBILITIES COUNSELING
SERVICES INC., et al,

    Plaintiffs,

v.

                    ORDER

PHILADELPHIA INDEMNITY
INSURANCE CO.,

    Defendant.

STATE OF MAINE
Cumberland. ss. Clerk's Office

AUG 1 4 2013

RECEIVED

Before the court is a motion for summary judgment by plaintiff Possibilities Counseling Services Inc. ("PCS"). Defendant Philadelphia Indemnity Insurance Co. opposes PCS's motion and suggests that based on the undisputed facts, summary judgment should in fact be entered against PCS. See M.R.Civ.P. 56(c) ("summary judgment, when appropriate, may be rendered against the moving party").

The dispute involves PCS's claim that Philadelphia Indemnity had a duty to defend PCS in a class action brought in the Maine Business and Consumer Court, Richman et al v. Possibilities Counseling Services Inc., Docket No. CV-10-53.

1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

2. Undisputed Facts

The undisputed facts in this case are that the amended complaint in the underlying Richman action asserted claims against PCS for breach of contract, fraud, accounting and restitution, negligent misrepresentation, money had and received, unjust enrichment and restitution, conversion, the imposition of a constructive trust, and declaratory relief. See Amended Complaint in Richman, Counts I, IV through VII, and IX through XII (Ex. 1 to Plaintiff's SMF). The basis of the complaint was that PCS had contracted with social service providers to handle the providers' claims for reimbursement from MaineCare, Medicare, insurance companies, and employer health plans but had failed in those responsibilities and had diverted the providers' funds for its own benefit.

The Richman complaint did not allege that the plaintiffs had suffered physical or bodily injury or emotional distress. However, at her deposition at least one of the Richman plaintiffs responded affirmatively when asked if she was seeking damages for emotional distress, and another of the Richman plaintiffs left open the possibility that she would seek damages for emotional distress. At a subsequent point in the Richman action the court (Horton, J) issued a class certification order that recognized the

2

potential existence of emotional distress claims and ruled that those would have to be dropped by any plaintiff who wished to be included within the class. Order dated July 12, 2011 at pp. 4, 9-10 & n.5 (Ex. 4 to Plaintiff's SMF).

PCS, which had Commercial General Liability Coverage with Philadelphia Indemnity, contends that based on the references to emotional distress made in the deposition testimony and based on the subsequent class certification order, Philadelphia Indemnity had a duty to defend PCS in the Richman action under two provisions in its policy – a provision covering "bodily injury" and a provision covering "property damage." The instant motion raises two issues: (1) whether the duty to defend is determined by the allegations in the pleadings (in this case, the amended complaint) or whether claims raised during deposition testimony or referred to in subsequent court orders should be considered as well; and (2) assuming that the comparison test is not limited to the pleadings, whether there is any potential that the claims asserted could have resulted in coverage.


## 3. Comparison Test

To determine whether an insurer has a duty to defend, the court must "compare the allegations of the underlying complaint with the coverage provided in the insurance policy." Mitchell v. Allstate Insurance Co., 2011 ME 133 ¶ 9, 36 A.3d 876. Any ambiguity in the policy regarding the duty to defend is resolved against the insurer. Id. ¶ 11.

In applying the comparison test in Mitchell, however, the Law Court emphasized that

> [o]nly the complaint and the policy are considered in
> determining whether the insurer has a duty to defend.

3

2011 ME 133 ¶ 9 (emphasis added), citing Elliott v. Hanover Insurance Co., 1998 ME 138 ¶¶ 6-7, 711 A.2d 1310.

Taking the Law Court at its word, therefore, the court concludes that subsequent statements made at depositions in which plaintiffs raise emotional distress claims should not be considered determining whether there is a duty to defend. This makes sense because basing the existence of the duty to defend on the pleadings creates a bright line test that can be applied at the outset of a case and at any subsequent time when the pleadings are amended.[1]

Similarly, limiting the comparison test to the pleadings and the insurance policy also excludes PCS's reliance on the subsequent class certification order. Moreover, the class certification order was not limited to the claims brought by the Richman plaintiffs against PCS but also included claims set forth in the amended complaint against four other persons and entities: Affiliate Funding Inc., Emile Clavet, Kevin Dean, and Foster Care Billing LLC d/b/a Provider Financial. Among the claims against those defendants was a negligence claim (count VII) which could potentially have resulted in damages for emotional distress. As a result, the references to emotional distress damages in the class certification order did not necessarily relate to claims against PCS.

PCS argues that the amended complaint itself is sufficient to establish a duty to defend. This is based on two contentions. The first is that the economic damages sought in the amended complaint could potentially qualify as "property damage." The problem with this argument is that the policy defines "property damage" as "physical

---

[1] If the complaint is amended, that usually occurs near the beginning of the case. While it is possible that a complaint can be amended later in the course of litigation – even after judgment, see M.R.Civ.P. 15(b) – an amendment triggering potential coverage, whenever made, constitutes a "bright line" starting point for the commencement of the duty to defend. This supports the Law Court's rule that a duty to defend is determined from the four corners of the complaint and the four corners of the policy.

4

injury to tangible property." See Definitions section 17 found at page 00159 of the policy (Ex. A to Defendant's SMF). As the Law Court ruled in Johnson v. Amica Mutual Insurance Co., 1999 ME 106 ¶¶ 4-5, 733 A.2d 977, allegedly converted funds constitute "intangible" economic losses and do not fall within insurance policies covering "physical injury to tangible property."

The second argument made by PCS is that, under the rule that a duty to defend exists whenever there is any potential that the claims asserted in the complaint could result in coverage, e.g., York Insurance Group of Maine v. Lambert, 1999 ME 173 ¶ 4, 740 A.2d 984, there was a potential that the Richman plaintiffs' claims for breach of contract, fraud, and conversion could have resulted in coverage because there was a possibility that emotional distress damages could have been awarded on those claims.[2]

Assuming for present purposes that any express claims for emotional distress damages against PCS would have triggered coverage,[3] no such claims were expressly asserted in the amended complaint. Moreover, as a matter of law, the breach of contract, fraud, and conversion claims asserted against PCS in the Richman complaint could not potentially have resulted in an award of damages for emotional distress.

Emotional distress is not recoverable in a breach of contract action unless the breach of contract results physical injury or unless the contract falls into certain special categories in which breaches have been recognized by the law as inflicting severe emotional disturbance. Marquis v. Farm Family Mutual Insurance Co., 628 A.2d 644, 651 (Me. 1993). The amended complaint in the Richman case does not fall into either

---

[2] PCS does not argue that the other claims asserted against PCS in the amended Richman complaint – claims for accounting and restitution, negligent misrepresentation, money had and received, unjust enrichment and restitution, constructive trust, and declaratory relief – could have resulted in an award of damages for emotional distress.

[3] Whether the emotional distress alleged by the Richman plaintiffs was in fact covered by the Philadelphia Indemnity policy is addressed below at pp. 6-7.

5

category. Similarly, damages for emotional distress are not recoverable for fraud under Maine law, Jourdain v. Dineen, 527 A.2d 1304, 1307 (Me. 1987), and the accepted measure of damages for conversion is the value of the property at the time of the unlawful conversion. Newbury v. Virgin, 2002 ME 119 ¶ 16, 802 A.2d 413. While consequential damages are sometimes available for conversion, the Restatement limits those damagers to pecuniary damages, Restatement (2d) of Torts, § 927(2)(b), and there is no Maine authority authorizing the award of damages for emotional distress resulting from conversion.

The court therefore concludes that under the comparison test as set forth in Mitchell v. Allstate Insurance Co., 2011 ME 133 ¶ 9, Philadelphia Indemnity did not have a duty to defend.

### 4. Possibility of Coverage Looking Beyond the Pleadings

Even assuming that the comparison test should be extended to include deposition testimony or the subsequent class certification order, there still remains a substantial question whether there would have been a potential for coverage under the Philadelphia Indemnity policy.

Under the policy definitions, there is commercial general liability coverage for "bodily injury" but only if it is caused by an "occurrence" as defined in the policy. See page 00145 of the Policy (Ex. A to Defendant's SMF).[4] "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Policy at page 00158   In addition, "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, and includes mental anguish

---

[4] The Philadelphia Indemnity policy also provided Professional Liability Coverage but PCS does not contend that Philadelphia Indemnity had a duty to defend under the Professional Liability coverage.

6

resulting from any of these" (emphasis added). See Defendant's SMF ¶ 20 (admitted) citing the amended definition found at page 00175 of the Policy.

Under the principle that ambiguities are resolved against the insurer, there is a possibility that the alleged defalcation of PCS and the other defendants was accidental and thus would have constituted an "occurrence." However, the emotional distress asserted in the deposition testimony relied upon by PCS was not emotional distress "resulting from" bodily injury, sickness, or disease. Instead, the deponents were testifying to the emotional distress that allegedly resulted from the financial losses they had experienced because of the failure of PCS and the other defendants to pay them for the services they had provided.

If the court were to apply the comparison test beyond the pleadings, therefore, it would conclude that any emotional distress claims that may have been brought against PCS did not result from "bodily injury" as defined in the policy. Moreover, as previously discussed, intangible economic losses do not qualify as "property damage" as defined in the policy. Accordingly, even applying the comparison test beyond the pleadings, Philadelphia Indemnity did not have a duty to defend.


The entry shall be:

Plaintiff's motion for summary judgment is denied. Pursuant to M.R.Civ.P. 56(c), summary judgment is granted in favor of defendant dismissing the complaint. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: August 13, 2013

Thomas D. Warren
Justice, Superior Court

7

POSSIBILITIES COUNSELING SERVICES INC VS PHILADELPHIA INDEMNITY INSURANCE COMPAN
UTN:AOCSsr  -2011-0126335                          CASE #:PORSC-CV-2011-00557
--------------------------------------------------------------------------------

01 0000003340            HADDOW, JAMES
    50 MONUMENT SQUARE PO BOX 17555 PORTLAND ME 04112-8555
    F        PHILADELPHIA INDEMNITY INSURANCE COMPANY DEF         RTND    10/23/2012

02 0000008007            HEPLER, BRUCE
    75 PEARL STREET PORTLAND ME 04101
    F        WENDY L BERGERON                         PL          RTND    09/20/2012
    F        POSSIBILITIES COUNSELING SERVICES INC    PL          RTND    09/20/2012