STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

SEP 19 2016

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
DOCKET NO. CV-15-52

PATRICK CONWAY,

      Plaintiff,

v.

JEFFREY WHITE, ESQ.,

      Defendant.

)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

Defendant Jeffrey White, Esq. moves for partial summary judgment related to the damage claims of Plaintiff Patrick Conway in his complaint against White for negligence, breach of fiduciary duty and intentional infliction of emotional distress. The court has reviewed the parties' filings and held a hearing on the motion on August 30, 2016. Based on the following, White's motion is denied in part and granted in part.

## I. Factual and Procedural Background

In 2013, Plaintiff Conway hired Defendant White to represent him in a legal dispute involving the purchase and sale of land (Def.'s Reply S.M.F. ¶ 1.) On January 8, 2014, a judgment was entered against Conway in the amount of $230,372.50. (Supp.'g S.M.F. ¶ 3.) After a disclosure hearing on June 10, 2014, Conway was ordered to pay this judgment to the opposing party via monthly payments of $250. (Id. ¶ 8.) The court in the disclosure hearing did not find that Conway had insufficient income or property for the court to order payment of the judgment against him. (Id.)

On March 31, 2015, Conway filed a complaint against White which contained three counts: (I) negligence, (II) breach of fiduciary duty, and (III) intentional infliction of emotional distress, alleging that the adverse judgment in the underlying purchase and sale of land case was caused by White's alleged failure to respond to a motion for

summary judgment by the plaintiff in that case. (*Id.* ¶ 11.) The damages listed in Counts I and II include economic damages, emotional distress, property loss, lost profits, and attorney's fees and costs. (Pl.'s Compl. ¶¶ 12, 16.) On April 13, 2015, White filed an answer that included the affirmative defense of uncollectability. (Def.'s Ans. 4). On May 16, 2016, White filed a motion for partial summary judgment asking the court to: (1) limit Conway's damage claims to actual economic harm: and (2) bar Conway from recovering damages for emotional distress. (Def.'s Mot. Partial Summ. J. 1.)

II. <u>Standard of Review</u>

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews these materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821.

On a motion for summary judgment in which the defendant asserts an affirmative defense, the defendant has the ultimate burden of establishing there is no dispute as to a material fact regarding the elements of the affirmative defense. *See Baker v. Farrand*, 2011 ME 91, ¶ 31, 26 A.3d 806.

III. Discussion

a. Limiting Damages to Actual Economic Harm

The Law Court has recognized the doctrine of "uncollectability," whereby a plaintiff-client cannot recover for malpractice against their former attorney unless they experienced a loss as a result of the representation provided by the attorney in the underlying case. *Jourdain v. Dineen*, 527 A.2d 1304, 1306 (Me. 1987). The Court has recognized two classes of malpractice lawsuits where collectability is relevant. In the first, there is "no damage flowing from the malpractice" unless the former client can show that absent the attorney's malpractice, the original lawsuit would have resulted in recovery. *Thurston v. Cont'l Cas. Co.*, 567 A.2d 922, 924 n.2 (Me. 1989). In the second, as is the situation here, there is already a judgment against the plaintiff-former client, and the defendant-lawyer must show that despite the judgment against the client, there is no damage to the client. *Id.* Uncollectibility is an affirmative defense, with the burden of proof on the defendant. *Jourdain*, 527 A.2d at 1306. The actual harm to the former client, not the judgment, is the measure of damages. *Thurston*, 567 A.2d at 924-925. But, a lack of economic harm does not foreclose the possibility of other kinds of damages. *Id.* at 924.

Here, White asks that Conway's damages be limited to the "amount of collectible judgment," which he defines as the $250 per month that Conway was ordered to pay by the disclosure court, instead of the full amount of the judgment. (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Partial Summ. J. 2.) The sole fact on which White relies to support that the full judgment is uncollectible is the disclosure hearing order that required Conway to pay $250 per month in satisfaction of the debt to the plaintiff in the underlying lawsuit. The disclosure court examined Conway's income tax returns, proof of vehicle ownership, W-2s, copies of any leases, deeds, mortgages, and current bank

statements from business and personal accounts. (Supp.'g S.M.F. ¶ 5-7.) Conway attended disclosure hearings on March 11, 2014 and April 15, 2014, and a final hearing on June 10, 2014 when the monthly payments were ordered. (*Id.* ¶¶ 6-8.) Importantly, the disclosure court did not find that Conway does not have sufficient income or property for the court to order payment or reduce the amount of the judgment. (*Id.* ¶ 8.) And, Conway has been making the monthly payments. (*Id.* ¶ 9.) Conway argues that he is not insolvent, has not filed for bankruptcy, and that the disclosure order could be changed to increase his payments were he to come into money. (Pl.'s Opp'n to Def.'s Mot. Partial Summ. J. 4.)

Viewing the cited record evidence in the light most favorable to the non-moving party, White has not shown there is a genuine dispute as to the collectability of the judgment against Conway. And, even if the facts were sufficient to a support a genuine dispute as to the collectability of the existing judgment against Conway, the Law Court has held that the uncollectability of economic damages does not foreclose the possibility of other kinds of damages. *Thurston*, 567 A.2d at 924. Therefore, White's request to limit Conway's damages to actual economic harm based on the affirmative defense of uncollectibility is denied.

b. Barring Recovery of Damages for Emotional Distress

In *Vicnire v. Ford Motor Credit Co.*, the Law Court held that a plaintiff may recover damages for emotional distress resulting from, *inter alia*, negligent conduct if the distress results in illness or bodily harm, or if the defendant engages in extreme or outrageous conduct that intentionally or recklessly inflicts severe emotional distress upon another. *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154-55 (Me. 1979.)

The Court has "never allowed the recovery of emotional distress damages in legal malpractice actions that involve only an economic loss *and* no egregious conduct

by the attorney." *Garland v. Roy*, 2009 ME 86, ¶ 24, 976 A.2d 940 (emphasis added.) "Severe" emotional distress may be inferred from the extreme and outrageous nature of the defendant's conduct alone. *Vicnire*, 401 A.2d at 154. And, even in the absence of egregious conduct by the attorney, emotional distress damages may be recovered when the plaintiff-client has sustained non-economic loss. *Farnham Point Cases*, Nos. BC-RE-10-22, BC-RE-10-23, BC-RE-10-24, 2013 Me. Super. LEXIS 289, at *11 (May 16, 2013.)

However, emotional distress damages should be limited when emotional harm is unforeseeable, *Garland*, 2009 ME 86, ¶ 26, 976 A.2d 940. For example, emotional distress damages as a result of a breach of contract may not be recoverable in the absence of physical injury. *Rubin v. Matthews Int'l Corp.*, 503 A.2d 694, 696 (Me. 1986.) And, an ownership interest in land is economic not personal, and as such, is not the type of personal loss for which plaintiffs have recovered for emotional distress. *Garland*, 2009 ME 86, ¶ 25, 976 A.2d 940.

Here, in his responsive Statement of Material Facts, Conway's only fact in support of any physical or mental manifestation of emotional distress is his assertion that he was "shocked and distressed" when learning about the judgment against him, (Pl.'s Addt'l S.M.F. ¶ 9), and he admits that he has not sought any medical attention for any health issues or mental health issues with regard to this case, (Opp. S.M.F ¶ 13). Conway argues that White's behavior was egregious because White did not properly respond to the opposing party's motion for summary judgment in the underlying case or notify Conway of his intention not to respond. (Pl.'s Addt'l S.M.F. ¶ 6-7.) Even if these allegations are true, the current dispute relates to a failed land transaction, which is not the type of personal loss for which plaintiffs have recovered for emotional distress. *See Garland*, 2009 ME 86, ¶ 25, 976 A.2d 940. Therefore, Conway has not made a *prima facie* showing of recoverable non-economic loss. Accepting as true the factual

allegations of Conway, there is, a genuine dispute as to whether White's allegedly defective representation rose to the level of egregiousness. But, being the result of a failed land transaction, this is not the type of case that case law would support the inference of emotional distress.

IV. Conclusion

White's motion for partial summary judgment to limit Conway's damage claims to actual economic harm is denied. White's motion for partial summary judgment to bar Conway from recovering damages for emotional distress is granted.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 9/19/16

MaryGay Kennedy
Justice, Superior Court

Attorney for: PATRICK CONWAY
VERNE E PARADIE JR - RETAINED
PARADIE SHERMAN WALKER & WORDEN
217 MAIN ST SUITE 400
LEWISTON ME 04240

**DOCKET RECORD**

vs
JEFFREY WHITE ESQ - DEFENDANT

Attorney for: JEFFREY WHITE ESQ
JAMES M BOWIE  - RETAINED 04/13/2015
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 03/31/2015

## Docket Events:

04/01/2015 FILING DOCUMENT - COMPLAINT FILED ON 03/31/2015

04/01/2015 Party(s):  PATRICK CONWAY
           ATTORNEY - RETAINED ENTERED ON 03/31/2015
           Plaintiff's Attorney: VERNE E PARADIE JR

04/14/2015 Party(s):  JEFFREY WHITE ESQ
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 04/13/2015

04/14/2015 Party(s):  JEFFREY WHITE ESQ
           ATTORNEY - RETAINED ENTERED ON 04/13/2015
           Defendant's Attorney: JAMES M BOWIE

04/14/2015 ORDER - SCHEDULING ORDER ENTERED ON 04/14/2015
           MARYGAY  KENNEDY , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

04/14/2015 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/14/2015

04/14/2015 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 04/14/2015
           MARYGAY  KENNEDY , JUDGE

04/14/2015 Party(s):  JEFFREY WHITE ESQ
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/03/2015

04/14/2015 Party(s):  JEFFREY WHITE ESQ
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/13/2014

05/18/2015 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 05/15/2015
           MEDIATION SET FOR JULY 13, 2015 WITH PETER SCHROETER, ESQ.