Matthias, J.
 

 A single question of law is presented to this court by this appeal: In an action to recover damages for trespass upon land in possession of plaintiff under lease will a verdict by a jury, which finds for the plaintiff and against the defendants in “the sum of none dollars, for compensatory damages; * * * and # * * the sum of two hundred dollars for punitive damages,” authorize the entering of a judgment for the plaintiff thereon?
 

 The plaintiff claims that since his cause of action was one for trespass on land, the finding in his favor determined the issue and established that his legal right of possession had been invaded, and, therefore, that he was entitled to recover at least nominal damages. Plaintiff contends that damages are to be inferred by reason of the trespass, and that since nothing in the record shows plaintiff had not suffered actual damages the failure of the jury to fix and assess the amount of such damages cannot vitiate the verdict. Such contention is based upon the claim that the general rule, that exemplary damages are recoverable only in eases where actual damages are shown to exist, is not applicable in this case.
 

 The rule, that before punitive damages may be awarded actual damages must have been found and assessed, is the rule generally applied. It is very fully stated in 15 American Jurisprudence, 706, Section 270, as follows:
 

 
 *188
 
 “According to the rule laid down by a majority of the decisions, actual damage must be found as a predicate for, or at least must be shown to have been done to sustain, an award of exemplary damages. In other words, according to the weight of authority, exemplary damages or punitive damages are not recoverable in the absence of proof of actual damages. The reason given for this rule is that punitive damages are mere incidents to the cause of action. Statutes creating a cause of action have, because of the language employed in them, been construed as not authorizing an imposition of exemplary damages unless actual damages are proved. In a number of jurisdictions, however, a contrary rule prevails, and punitive damages may be allowed in tort actions, although no actual damages are shown.”
 

 Quoting further from 15 American Jurisprudence, 707, Section 271:
 

 ‘ ‘ Many eases applying the rule requiring that actual damages be found as a predicate for the allowance of exemplary damages hold that an award of mere nominal damages will not serve as a basis for the imposition of punitive or exemplary damages — that is, that substantial actual damages must be found to entitle one to damages given by way of punishment and example. Small actual damages are not, however, to be confused with mere nominal damages, and the fact that the damages are small does not bring the case within the rule that nominal damages will not support a verdict for punitive damages.
 

 “According to the weight of authority, punitive damages may be recovered although the actual damages found are only nominal in amount. It is not always clear in what sense the term ‘nominal damages’ is used in'this regard; that is, whether by it small actual damages or damages incapable of measurement are meant or whether it is used to designate the dam
 
 *189
 
 ages which follow in every case of violation of mere legal rights. If used in the latter sense, these cases go far toward destroying the practical effect of the general rule, making actual damages a necessary predicate for exemplary damages. If, however, the phrase ‘nominal damages’ is used in the sense of slight actual damages or actual damages incapable of ascertainment and award, a wide scope is left for the operation of the general rule. It will be recalled that the principal reason given in support of-the general rule requiring actual damage as a predicate for the recovery of exemplary damages is that a private action cannot be maintained merely to inflict punishment upon the wrongdoer. A number of cases supporting the rule that a verdict for punitive damages may be supported even where the actual damages are merely nominal take the position that if a cause of action is made out which shows an infraction of a legal right, the cause is complete and may be maintained and exemplary damages may be recovered in proper cases despite the fact that the injury gives rise to no substantial precuniary damage or to a loss incapable of exact measurement in money; in other words, that there is something to which exemplary damages may attach, small in amount though it may be. It is to be noted also that many of the cases cited in support of the rule above stated are from jurisdictions committed to the view that punitive damages may be allowed in actions of tort although no actual damages are shown.” See, also, 13 Ohio Jurisprudence, 243, Section 144; 81 A. L. R., 913; and 25 Corpus Juris Secundum, 713, Section 118.
 

 Although the trespass involved in this case may have caused such an injury as to warrant at least nominal damages, the record clearly discloses that the jury found there were no damages, either actual or nominal.
 
 *190
 
 Similar verdicts have been construed in courts of last resort of other states.
 

 In the case of
 
 Carnes
 
 v.
 
 Thompson
 
 (Mo.), 48 S. W. (2d), 903, involving an action for assault, a verdict, which found the issues for the plaintiff as follows, “for actual damages, nothing; for punitive damages, $100,” was held to be defective because the plaintiff was entitled to actual damages in some amount and because damages either substantia] or nominal must have been found as a predicate for recovery for exemplary damages.
 

 In the case of
 
 Livingston
 
 v.
 
 Utah-Colorado Land & Livestock Co.,
 
 106 Colo., 278, 103 P. (2d), 684, the plaintiff was seeking damages for trespass upon his land by sheep owned by the defendant. In its verdict, the jury stated that it found the issues for the plaintiff and fixed recovery at no actual damages and $100 punitive damages. The court held that “the verdict of the jury which expressely denied recovery of actual damages to plaintiff must be regarded as tantamount to an affirmative declaration that no actual damages to it were proved or shown at the tidal. * * * The positive tenor of the verdict as to the nonexistence of actual -damages destroys any passive inference of a nominal damage which otherwise might arise from the genera] findings of the issues in favor of plaintiff in a trespass action of this character.” A judgment in favor of the plaintiff based upon this verdict was reve rsed.
 

 Another case with similar facts is
 
 Toler
 
 v.
 
 Cassinelli,
 
 — W. Va., —, 41 S. E. (2d), 672. That case was an action for damages brought by a tenant who was locked out of an apartment by his landlord for nonpayment of rent. Upon trial the jury brought in a verdict for $1,000. Two special interrogatories submitted to the jury sought to determine, first, the amount awarded
 
 *191
 
 for compensatory damages and, second, the amount awarded for exemplary damages. Answers thereto were returned by the jury, the first one being blank, and the second (treating of exemplary damages) being completed by the addition of the figure, “$1,000.” A motion was thereupon filed to set aside the verdict as erroneous. The opinion of the Supreme Court of Appeals contains the following pertinent language:
 

 “The finding actually made by the jury embraced only punitive damages. No compensatory damages were found. There was a straight line drawn in the blank where the amount of compensatory damages, if any, should have been inserted by the jury. This could be construed as a finding of the jury that no compensatory damages were due plaintiff. But regardless of whether the jury answered the interrogatory with reference to compensatory damages, clearly their finding only embraced damages of an exemplary or punitive character. A plaintiff cannot maintain an action merely to recover punitive or exemplary damages. He cannot maintain an action merely for the infliction of punishment. A finding of compensatory damages is a necessary predicate for an award of punitive damages.
 
 Newman
 
 v.
 
 Robson & Prichard,
 
 86 W. Va., 681, 104 S. E., 127; 1 Sedgwick on Damages, Ninth Ed., 708; 2 Sutherland on Damages, 4th Ed., Section 406; 33 A. L. R., page 285, note; 81 A. L. R., page 913, note; 25 C. J. S., Damages, Section 118. In the case at bar the entire award of the jury, as above stated, was for punitive damages, and, not being supported by a finding of compensatory damages, such finding was not a sufficient basis for a general verdict.
 

 “Moreover, where there is a legal finding of compensatory damages, punitive damages, if awarded, must bear a reasonable proportion to the compensatory damages so found. In the absence of an award of compensatory damages, an award of punitive dam
 
 *192
 
 ages may be taken as an indication that the jury was actuated by passion, prejudice and improper motives in making such finding.
 
 Hess
 
 v.
 
 Marinari,
 
 81 W. Va., 500, 94 S. E., 968. See
 
 Pendleton
 
 v.
 
 Norfolk & W. Railway Co.,
 
 82 W. Va., 270, 95 S. E., 941, 16 A. L. R., 761. A jury is not permitted to allow more than will justly compensate a plaintiff, unless it is shown that defendant was actuated by evil motives, or that the acts complained of were done with reckless indifference to the rights of plaintiff, or there was wanton and wilful neglect of duty causing the loss. The evidence tends to show that there was a wanton and reckless disregard of the rights of plaintiff by defendant, but the jury cannot punish defendant for his conduct without ascertaining an amount necessary to compensate plaintiff for actual damages.”
 

 In that case the judgment of the lower court was reversed, the verdict set aside and defendant awarded a new trial.
 

 In accordance with the majority rule, as shown by the above cited authorities which have our complete approval, the verdict returned by the jury in the instant case was defective and did not authorize a judgment in favor of the plaintiff. If timely objection to the verdict had been made, the refusal of the trial court to set aside the verdict and grant a new trial would have been erroneous and would have required a reversal of the judgment and a remanding of the case for new trial.
 

 The record before this court discloses that no such objection was made and there was no motion challenging the sufficiency or form of the verdict, but, on the contrary, counsel for both parties tacitly approved the entry of judgment for the plaintiff on the verdict. The Court of Appeals, therefore, properly reversed the judgment of the Court of Common Pleas. The
 
 *193
 
 plaintiff having accepted as lawful and tacitly approved the verdict could not thereafter complain of a reversal by the Court of Appeals and a rendition of final judgment in favor of the defendant.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.