DAVIS ET AL., APPELLANTS, *v.* OWEN ET AL., APPELLEES.

(No. CA84-12-085 — Decided
June 28, 1985.)

*DeCenso & Knapp* and *William C. Knapp,* for appellants.

*Lawson & Sharts* and *John E. Sharts,* for appellees.

KOEHLER, P.J. This case was initiated on January 25, 1983 when plaintiffs-appellants, Randy Davis and Kendall D. Roman, hereinafter referred to as "appellants," filed a complaint against defendants-appellees, Kevin M. Owens and Jeffrey Angel, hereinafter referred to as "appellees," in the Court of Common Pleas of Warren County. Said complaint sounded in assault and false imprisonment. The matter was tried to a jury on September 27 and 28, 1984. Finding that the actions of appellees were willful, wanton and malicious, the jury awarded each appellant $1 in compensatory damages and $750 in punitive damages.

At the close of the evidence, appellants submitted several requested jury instructions to the court. One such instruction was to the effect that the jury could award punitive damages and reasonable attorney fees to the appellants if it found that either or both of the appellees had acted in a manner characterized by reckless or wanton disregard of appellants' rights. The court refused to instruct on attorney fees in that "there has been no testimony from which the jury could determine a reasonable amount of attorney fees in this case."

On appeal, appellants raise a single assignment of error as follows:

"The trial court erred to plaintiff's [*sic*] detriment in refusing to give a properly tendered instruction to the jury that they could award attorney's fees."

In support of this assignment, appellants rely on the 1881 decision of the Ohio Supreme Court in *Stevenson v. Morris* (1881), 37 Ohio St. 10, paragraph six of the syllabus.

"It is an established principle of law in this state that punitive damages may be awarded in tort cases involving fraud, insult or malice. * * *" *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 183 [71 O.O.2d 174]; *Roberts* v. *Mason* (1859), 10 Ohio St. 277; *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414 [32 O.O. 454]. Where punitive damages are proper, the aggrieved party may also recover reasonable attorney fees as compensatory damages. *Columbus Finance* v. *Howard, supra,* at 183; *Roberts* v. *Mason, supra; Peckham Iron Co.* v. *Harper* (1884), 41 Ohio St. 100, paragraph three of the syllabus; *Davis* v. *Tunison* (1959), 168 Ohio St. 471 [7 O.O.2d 296], paragraph three of the syllabus.

Following *Stevenson* v. *Morris, supra,* the actual value of reasonable attorney fees cannot be proven by evidence during the course of the trial. Although generally aware of the need for evidence on the question of attorney fees, the Ohio Supreme Court decided that such evidence should not be admit-

ted because of its tendency to enlarge, complicate and confuse the issues at trial. *Id.* at 20-22. Rather, under *Stevenson,* the question of what constitutes reasonable attorney fees is left to the discretion of the jury, which may in its estimate allow such an amount as will be adequate for the injury under all the circumstances of the case, but neither party can call witnesses to prove the value of such services. *Id.* See, also, *Laughrin v. Giarrizzo* (Mar. 5, 1981), Cuyahoga App. Nos. 42538 and 42539, unreported.

The problem identified in *Stevenson, i.e.,* that the issue properly before the jury should not be clouded and the case converted into a contest as to the value of the services of plaintiff's counsel, is of continuing concern under modern practice. More recent decisions, however, have also expressed a concern that awards of attorney fees be based on evidence adduced. *In re Estate of Wood* (1977), 55 Ohio App. 2d 67 [9 O.O.3d 225]; *Huntington Bank* v. *Cartwright* (Oct. 6, 1982), Fayette App. No. 79-CA-3, unreported; *David MacPherson Associates, Inc.* v. *Media Marketing Advertising, Inc.* (July 27, 1983), Clermont App. No. CA-1065, unreported. "* * * Such a rule is necessary in order to avoid arbitrary and unjustified awards. * * *" *Huntington Bank* v. *Cartwright, supra,* at 6.

It is the opinion of this court that appellants' assignment of error should be, and is, sustained insofar as it stands for the proposition that evidence of the value of reasonable attorney fees should not be submitted to the jury during the parties' presentation of the case-in-chief. The jury, however, should not be permitted to arbitrarily determine a dollar value. Rather, we conclude that where the finder of fact has properly awarded punitive damages in a tort case involving fraud, insult or malice, a collateral or supplemental hearing should thereafter be conducted before the trial judge wherein the issue of reasonable at-torney fees may be considered. See, generally, *Laughrin* v. *Giarrizzo, supra.* At such hearing, the trial judge is charged with determining, first, whether attorney fees are warranted and, if so, the reasonable value thereof.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the cause be remanded to the Court of Common Pleas of Warren County for further consideration of the issue of attorney fees in accordance with this decision.

*Judgment accordingly.*

JONES and HENDRICKSON, JJ., concur.

HENDRICKSON, J., concurring. When compensatory damages are awarded in the sum of only $1, it is difficult to comprehend how an award of punitive damages and attorney fees can be justified. However, since appellees failed to file a cross-appeal, we must assume that the award of punitive damages was not error and that the amount awarded as punitive damages was reasonable. Only on that premise can an award of attorney fees be in order.

Assuming that an award of attorney fees is justified, I concur with the foregoing opinion as to the manner in which those fees should be determined.