GIGLIO, APPELLEE, *v.*
DOHERTY, APPELLANT.

(No. CA88-03-032—Decided
October 11, 1988.)

*Holbrock & Jonson, George N. Jonson* and *Timothy R. Evans,* for appellee.

*T. Randall Turner,* for appellant.

*Per Curiam.* This is an appeal by defendant-appellant, Patricia Doherty, from a judgment of the Hamilton Municipal Court which awarded plaintiff-appellee, Anthony Giglio, a judgment against appellant for $400 in compensatory damages, $1,000 in punitive damages and $718.75 in attorney fees.

On May 8, 1987 at approximately 8:30 a.m., appellee drove to the deputy registrar's office on North Second Street in the city of Hamilton in order to renew his driver's license and motor vehicle tags. Upon arriving at the registrar's office, appellee learned it

did not open until 9:00 a.m. He decided to wait.

After hearing church bells signaling it was 9:00 a.m. and waiting two or more minutes for the doors to be opened, appellee lost patience and tried the door. He found it was locked. A short time later, an employee opened the door and appellee and several more patrons entered.

When the patrons arrived at the service desk, appellant, who was the manager of the registrar's office, asked the assembled group who had been banging on the door. Appellee admitted that he was the offender. What occurred next is disputed, but it is certain that appellant and appellee exchanged words; appellee apologized (either sincerely or insincerely depending on whose testimony one believes); and appellant informed appellee she would not wait on him due to his misbehavior.

Following this verbal exchange, appellee stepped out of line and was served by another employee of the registrar's office. Appellee then took time to learn appellant's name and the names of some of the other patrons who had witnessed the verbal exchange. He exited the office and began a search for his attorney, a search which apparently lasted into the afternoon. In the meantime, employees of appellee, whom he had hired to perform labor for his heating and air conditioning business, sat idly at a residence on Clinton Avenue (in Hamilton) waiting for him to return to instruct them.

On June 18, 1987, appellee filed a complaint for the infliction of emotional distress in the Hamilton Municipal Court alleging that appellant had publicly humiliated and embarrassed him by refusing to wait on him and telling him he would have to go to another registrar because he had dared to try the door before the office opened.

In due course, appellee's complaint came on for a bench trial. Based on the evidence presented during the trial, the court, on January 13, 1988, filed an opinion finding that appellant's conduct was not related to the smooth operation of the license bureau; that her continued pursuit of the matter indicated her malicious intent to vent her displeasure on whomever had made the noise; and that appellant therefore maliciously, willfully, and wantonly caused appellee actionable embarrassment and humiliation. Accordingly, it awarded appellee judgment for $400 in compensatory damages (for money appellee had paid his two employees at Clinton Avenue whom he never returned to supervise); $1,000 in punitive damages; and $718.75 in atttorney fees (based on an affidavit and the testimony at a fee hearing). This appeal followed.

In her brief before this court, appellant makes no attack on the substantive adequacy of appellee's factual allegations to support a cause of action, but instead asserts the lower court's damage computation was erroneous. Appellant's five assignments of error state:

First Assignment of Error:

"The lower court erred in awarding compensatory damages when appellee had failed to mitigate such damage."

Second Assignment of Error:

"The lower court erred in awarding compensatory damages where there was insufficient evidence to support such damages."

Third Assignment of Error:

"The lower court erred in awarding punitive damages."

Fourth Assignment of Error:

"The lower court awarded excessive punitive damages."

Fifth Assignment of Error:

"The lower court erred in awarding attorney fees."

For her first assignment of error, appellant argues that the lower court erred in awarding appellee compensatory damages because he failed to "mitigate his damages." In support of this assignment of error, appellant argues the court should have considered the reasonableness of appellee's conduct following the verbal exchange and determined that appellee caused the damages he sought to recover for appellant's allegedly tortious conduct by his own conduct following that exchange.

Under Ohio law, a person who is tortiously injured has a duty to exercise reasonable care to avoid incurring further injury. *Pennant Moldings, Inc.* v. *C & J Trucking Co.* (1983), 11 Ohio App. 3d 248, 251, 11 OBR 374, 378, 464 N.E. 2d 175, 179; *Maloney* v. *General Tire Sales, Inc.* (1973), 34 Ohio App. 2d 177, 185, 63 O.O. 2d 289, 294, 296 N.E. 2d 831, 836. This principle is sometimes referred to as the doctrine of mitigation of damages and sometimes as the avoidable consequences rule.

In the case *sub judice,* upon concluding his verbal exchange with appellant and receiving his new driver's license and vehicle registration, appellee commenced a half-day search for his attorney, presumably so he could consult with him about his legal rights. Although appellee's initial impatience, which prompted him to try the door, was based upon the fact that he had employees waiting for him to return, his verbal exchange with appellant led him to completely abandon those employees in order to personally speak with his attorney.

We deem appellee's half-day search for his attorney unreasonable as a matter of law. Rather than demonstrate appellee was emotionally debilitated as a result of the verbal exchange with appellant, see *Jackson* v. *Wooster Bd. of Edn.* (1985), 29 Ohio App. 3d 210, 29 OBR 254, 504 N.E. 2d 1144, appellee's post-exchange search for his attorney evidences deliberate action for the purpose of initiating legal proceedings against appellant. It appears that rather than become emotionally debilitated due to appellant's verbal barrage, appellee's initial embarrassment turned to anger and he decided to take legal action to teach appellant a lesson in manners.

Based on the foregoing, we find appellant's first assignment of error has merit. Appellee is not entitled to recover the wages he paid two employees, who went unsupervised because appellee decided to see his attorney rather than return to work, as damages for infliction of emotional distress.

For her second assignment of error, appellant asserts there was insufficient evidence on which to award compensatory damages. We agree.

The court below awarded appellee $400 in compensatory damages for money he paid to two employees whom he refused to supervise because he was looking for his attorney. An examination of the record discloses this was the only evidence offered of any monetary damage appellee sustained as a direct and proximate result of appellant's alledgedly tortious conduct.

Having previously held that the payment of this $400 to two employees who performed no work because appellee failed to act reasonably, *i.e.,* instruct these employees what to do rather than simply leave them unsupervised, in order to minimize his injury following appellant's allegedly tortious conduct, we sustain appellant's second assignment of error as well.

For her third assignment of error, appellant claims the trial court erred in awarding appellee punitive damages. We agree.

It is well-established under Ohio

law that punitive damages may not be awarded without proof of actual damages. *Richard* v. *Hunter* (1949), 151 Ohio St. 185, 39 O.O. 24, 85 N.E. 2d 109, paragraph one of the syllabus; *Shimola* v. *Nationwide Ins. Co.* (1986), 25 Ohio St. 3d 84, 86, 25 OBR 136, 138, 495 N.E. 2d 391, 393. In the record before us, the only compensatory damage award was for reimbursement of damages appellee paid to two employees. Since we have already found that award to be error and, since it was the only basis on which the trial court relied to award compenstory damages, we find the trial court erred in awarding punitive damages to appellee and sustain appellant's third assignment of error.[1]

For her fourth assignment of error, appellant complains that the amount of punitive damages awarded was excessive.

We sustain this assignment of error for the same reasons as support the third assignment of error.

For her fifth assignment of error, appellant claims the lower court erred by awarding attorney fees to appellee. We agree.

In *Davis* v. *Owen* (1985), 26 Ohio App. 3d 62, 26 OBR 236, 498 N.E. 2d 202, this court held that where punitive damages are proper, the aggrieved party may also recover *reasonable* attorney fees as compensatory damages. Since *Davis, supra,* contemplates an award of *reasonable* attorney fees only after the finder of fact has properly awarded punitive damages in a tort case involving fraud, insult, or malice, and since we have previously determined herein that the lower court's punitive damage award was fatally flawed, we conclude the trial court's attorney fee award also constituted error. We therefore sustain this claim as well.

Based on our examination of the record and our resolution of appellant's five assignments of error, we find that appellant has shown that appellee failed to prove he suffered any compensable damage whatsoever as a direct and proximate result of his May 8, 1987 verbal exchange with appellant. We therefore reverse the judgment of the court below and, pursuant to App. R. 12(B), enter judgment for appellant on appellee's complaint. While appellant's conduct in the record before us demonstrates she is rude, abrasive, ill-tempered, inconsiderate, and dictatorial, the law does not make such character imperfections actionable unless their overt manifestation causes serious psychic injury to another. No such injury is demonstrated in the record before us. Accordingly, the judgment of the court below is reversed and judgment is hereby ordered to be entered in appellant's favor on appellee's complaint.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause remanded for further pro-

---

[1] In support of this assignment of error, appellant also argues that the trial court erred in applying a higher standard of conduct to deputy registrar offices than other businesses. We find it unnecessary and inappropriate to address this contention because we view appellee's complaint to allege appellant's actionable conduct was intentional and thus a proper basis for an award of punitive damages. See *Detling* v. *Chockley* (1982), 70 Ohio St. 2d 134, 138, 24 O.O.3d 239, 242, 436 N.E. 2d 208, 211; *Rouse* v. *Riverside Methodist Hospital* (1983), 9 Ohio App. 3d 206, 208, 9 OBR 355, 357-358, 459 N.E. 2d 593, 596-597. This being the case, we find it inappropriate to discuss standards of conduct, which belong in a negligence action.

ceedings not inconsistent with this decision.

*Judgment reversed.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.