### Digital & Analog Design Corp. v. North Supply Co.
*[Cite as 8 AOA 439]*

*Case No. 90 CA 004809*
*Lorain County, (9th)*
*Decided November 28, 1990*

*Richard D. Panza, Thomas A. Downie, and Matthew W. Nakon, Lorain, Ohio, for Plaintiff.*

*John B. Robertson and Robert H. Eddy, Cleveland, Ohio, for Defendants.*

BAIRD, J.

This cause comes before the court upon the appeal of Digital & Analog Design Corporation (DAD) from the judgment of the Lorain County Court of Common Pleas overruling DAD's post- trial motions for prejudgment interest and attorney fees in its action against appellee North Supply Company (NSC) for trespass and conversion.

In an earlier appeal filed in this action, the Supreme Court of Ohio affirmed the jury's award to DAD of $1,187,000 in compensatory damages, and also affirmed the jury's award of punitive damages, while reducing it to $1,000,000. *Digital & Analog Design Corp. v. North Supply Co.* (1989), 44 Ohio St.3d 36.

Subsequently, a hearing on DAD's post-trial motions for prejudgment interest pursuant to R.C. 1343.03(C) and for attorney fees was scheduled for October 20, 1989. NSC moved to strike both motions on the authority of the Ohio Supreme Court's intervening decision in *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36. On the basis of its reading of Villella, the trial court overruled both of DAD's motions, and the present appeal ensued.

#### Assignment of Error I

"The trial court erred in overruling plaintiff's motion for prejudgment interest without affording plaintiff the opportunity to present evidence that 'defendant failed to make a good faith effort to settle the case,' notwithstanding defendant's admission that it made 'no offers to settle the case.' Ohio Rev.Code Ann. Section 1343.03(C)."

An award of prejudgment interest is intended as compensation for a plaintiff's lost use of funds during the time between the infliction of damages, or the commission of the tort, and the plaintiff's recovery by judgment. The circumstances that allow for an award of prejudgment interest are specified by statute in R.C. 1343.03(C):

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

In contrast, punitive damages do not serve a compensatory purpose, but are intended to serve as a punishment of the offender and a warning to others. *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App.3d 164, 168. Punitive damages are recoverable where the trier of fact finds that the tortious actions of the defendant giving rise to the cause of action were taken with actual malice, through conduct that may be characterized as reckless, wanton, willful, or gross. *Villella, supra,* at 37. Because punitive damages are

exemplary rather than compensatory in nature and are based upon the type of conduct involved in the commission of the tort itself, while prejudgment interest is compensatory and is based on specific post-tort conduct, these are distinct, independent forms of recovery.

This distinction is maintained in the cases cited in *Villella*: *Bailey v. Container Corp. of America* (S.D.Ohio 1986), 660 F.Supp. 1048, and *Presrite Corp. v. United Steelworkers of America* (June 6, 1985), Cuyahoga App. No. 48113, unreported. In both these cases, the courts followed the generally held rule that prejudgment interest may not be awarded on the punitive damages component of an award, but rather only on the compensatory damages awarded.

Though the court in *Villella* does not clearly state the specific issue before it, it is apparent from both the cases discussed therein and the factual context that the Supreme Court was addressing the same issue of the appropriateness of prejudgment interest on punitive damages. It is in this context that the following language must be read:

"Consequently, because punitive damages over and above the amount adequate to compensate the plaintiff were awarded, prejudgment interest to compensate for delay in payment was unnecessary and the award of prejudgment interest must be vacated. *** " *Villella, supra*, at 42.

The trial court in the present case regarded this statement apart from its context, and thereby misread it as establishing a rule that, once punitive damages are awarded, a plaintiff may not recover prejudgment interest even on compensatory damages. Such a reading is untenable on several grounds.

Any award of punitive damages is, virtually by definition, "over and above the amount adequate to compensate the plaintiff". *Ranells v. Cleveland* (1975), 41 Ohio St.2d 1, 7. By the trial court's reading of *Villella*, then, even a nominal award of punitive damages would have precluded DAD from recovering the nearly $300,000 in prejudgment interest that it sought. Applying such a rule leads to further injustice, as it would allow the malicious tortfeasor who is penalized with any amount of punitive damages to escape liability for prejudgment interest, while the merely negligent tortfeasor, against whom no punitive damages

may be assessed, would still be liable to pay prejudgment interest.

Nothing in R.C. 1343.03(C) supports such a result. The statute specifies that the only preconditions for collecting prejudgment interest are proof by the plaintiff that the defendant failed to make a good faith attempt to settle the case, and that the plaintiff did not fail to do so. To graft a further condition upon the operation of the statute--that no punitive damages can have been awarded to the plaintiff--would severely limit this substantive statutory right.

It is doubtful that the Supreme Court would undertake such a substantial departure from the generally held rule, or impose such a judicially created limitation on a statutory right, without at least some discussion of its rationale for so doing. Yet *Villella* is silent as to any reason for disallowing prejudgment interest where it would be otherwise warranted merely because the plaintiff was awarded punitive damages.

Finally, we note that the above-quoted language from *Villella* cannot be taken as the rule of law to be derived from that case, as it does not appear in the syllabus of the opinion. *Smith v. Klem* (1983), 6 Ohio St.3d 16, 18; *Cassidy v. Glossip* (1967), 12 Ohio St.2d 17, paragraph six of the syllabus.

Therefore, we hold that, in a case where both punitive and compensatory damages are awarded, prejudgment interest may not be awarded on the punitive damages, but may be awarded on the compensatory damages pursuant to R.C. 1343.03(C).

Assignment of Error II

"The trial court erred in overruling plaintiff's motion for an award of attorneys fees without affording plaintiff the opportunity to present evidence as to the amount and reasonableness thereof, notwithstanding the express determination by the jury--on the basis of evidence found by the Ohio Supreme Court to be sufficient--that defendant acted maliciously. *Digital & Analog Design Corp. v. North Supply Co.*, 44 Ohio St.3d 36, 44 (1989)."

In a case where an award of punitive damages is proper, the aggrieved party may also recover reasonable attorney fees. *Hutchinson v. J.C. Penney Cas. Ins. Co.* (1985), 17 Ohio St.3d 195, 200. Though DAD was thus entitled to recover reasonable attorney fees, the trial court overruled its motion for attor-

ney fees on a procedural ground. In determining that DAD failed to present evidence of reasonable attorney fees to the jury at trial as it should have done, rather than in a post-trial hearing before the court as it sought to do, the trial court relied on the following language from *Villella, supra,* at 41:

" *** [T]here must be evidence presented at trial concerning the proper measure of attorney fees in order to allow an award. ***." DAD asserts--and NSC does not deny--that, prior to the *Villella* decision, which was published shortly before the scheduled hearing on DAD's post-trial motions, both parties had proceeded under the assumption that the issue of attorney fees would be addressed at a post-trial hearing before the court rather than at trial before the jury, pursuant to the holding in *Davis v. Owen* (1985), 26 Ohio App.3d 62.[1] In fact, NSC asserted that this was the appropriate procedure in its brief in opposition to DAD's motion for attorney fees. Once *Villella* was decided, however, NSC reversed its position, asserting that *Villella* held that the issue of attorney fees must be decided by the jury.

A careful reading of *Villella* proves this assertion wrong. Though *Villella*, and *Hutchinson, supra,* upon which *Villella* relies, clearly establish that evidence must be presented at trial before the jury can award reasonable attorney fees, neither case holds that the trial is the sole forum in which such evidence can be presented or such a determination made. Indeed, in both cases, where the evidence at trial was insufficient to sustain the jury's award of attorney fees, the award was vacated and the cause remanded to the trial court for a hearing and determination of reasonable attorney fees. In neither case did the failure of the plaintiffs to present sufficient evidence of attorney fees at trial preclude them from an ultimate hearing on the issue, contrary to the trial court's ruling in the present case.

*Villella* does not overrule *Davis,* nor does it even address the procedural issue decided therein. *Villella* does not mandate that the issue of attorney fees be presented to the jury; at most, it establishes that there must be evidence presented at trial upon which the jury can award attorney fees--if that issue has been put before it. Therefore, the trial court's reliance on *Villella* to deny DAD an

evidentiary hearing on its motion for attorney fees was misplaced. We need not determine here whether the issue of attorney fees must be raised at trial, or whether it may be raised alternatively at a post-trial hearing. Under the particular facts of this case, where there was a tacit understanding that the proper forum for determining attorney fees was in a post-trial hearing before the trial court, and as prevailing case law either expressly supports or implicity allows such a procedure, we find that it was error for the trial court to deny DAD a post-trial hearing on its motion for attorney fees.

Appellant's assignments of error are well taken. Judgment of the trial court is reversed, and the cause remanded for further proceedings.

REECE, P.J., and QUILLIN, J., concur.

---

[1] Other Ohio courts have followed the rule of *Davis* in holding that the issue of attorney fees is best determined by the court in a post-trial hearing: *Howard v. City Loan & Savings* (Mar. 27, 1989), Greene App. No. 88-CA-39, unreported; *Pleasant Hill–Newton Township Fire Assn., Inc. v. Adams* (May 13, 1987), Miami App. No. 85-CA-40, unreported.