OPINION
{¶ 1} Plaintiff-Appellant Leonard Maynard ("Maynard") appeals from the June 8, 2006 Judgment Entry of the Court of Common Pleas, Marion County, Ohio overruling his motion for pre-judgment interest, motion for attorney fees, and motion to be reimbursed for expenses.
 {¶ 2} This matter stems from an incident that occurred on December 12, 1997 at an Eaton Corporation ("Eaton") facility in Marion, Ohio where Maynard was employed as a maintenance supervisor. While working third shift, Maynard was informed that there was smoke in the facility's north substation. He proceeded to the substation with a fire extinguisher and extinguished the flames. However, seconds later the circuit breaker exploded and Maynard was severely injured.
 {¶ 3} On June 7, 1999 Maynard filed a complaint in the Marion County Court of Common Pleas alleging that Eaton was liable to him for committing an employer intentional tort. This matter proceeded to a jury trial commencing on August 5, 2002, but resulted in a hung jury. A second jury trial commenced on March 10, 2003 with the liability and damages phases separated. At the conclusion of the liability portion of the trial, the jury found in favor of Maynard. *Page 3 
On March 17, 2003 the trial proceeded to the issue of damages and the jury awarded Maynard $950,000 in compensatory damages and $200,000 in punitive damages. Accordingly, on April 4, 2003 the trial court ordered Eaton to pay a total of $1.15 million to Maynard.
 {¶ 4} On April 16, 2003 Maynard filed a motion for pre-judgment interest and costs and an application for attorney's fees. On July 23, 2003 the trial court issued a Judgment Entry overruling Maynard's application for attorney's fees and overruling Maynard's motion for pre-judgment interest.
 {¶ 5} On August 20, 2003 Eaton filed a notice of appeal to this court seeking review of the July 23, 2003 Judgment Entry and asserting four assignments of error. On August 26, 2003 Maynard filed a cross-appeal asserting three assignments of error; two of which were directly related to the July 23, 2003 Judgment Entry. In his first assignment of error, Maynard argued that the trial court erred in denying his motion for pre-judgment interest. In his second assignment of error, Maynard argued that the trial court erred in denying his motion for attorney's fees.
 {¶ 6} On June 14, 2004 this court overruled all of Eaton's assignments of error and Maynard's third assignment of error, but sustained Maynard's first and second assignments of error. (See Maynard v. EatonCorporation, 3rd Dist. No. 9-03-48, 2004-Ohio-3025). Specifically, this court held that the trial court "should *Page 4 
have proceeded to conduct an evidentiary hearing" regarding Maynard's motion for attorneys fees. Id. at ¶ 40. This court also held that the trial court utilized "the incorrect test of `bad faith'" as to Maynard's motion for pre-judgment interest. Id. at ¶ 35. Accordingly, the July 23, 2003 Judgment Entry of the Marion County Court of Common Pleas was affirmed in part, reversed in part and remanded to the trial court to determine whether attorney fees were warranted, and if so, the reasonable value thereof; and to use the correct test in ruling on Maynard's motion for pre-judgment interest.
 {¶ 7} Consistent with this court's June 14, 2004 opinion, the trial court conducted an evidentiary hearing on Maynard's motions for pre-judgment interest and attorney's fees on June 9, 2005. In its June 8, 2006 Judgment Entry the trial court determined that a lack of good faith was not demonstrated and accordingly, that pre-judgment interest was not appropriate. The trial court also determined that an award of attorney fees was not appropriate. Additionally, the trial court overruled Maynard's motion seeking to be reimbursed for expenses involved in the prosecution of his attorney fee claim.
 {¶ 8} Maynard now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEYS FEES. *Page 5 
 {¶ 9} In his first assignment of error, Maynard argues that the trial court erred in failing to award his attorney's fees.
 {¶ 10} Ohio law provides that when punitive damages are proper, an aggrieved party may also recover reasonable attorney fees. ColumbusFinance, Inc. v. Howard (1975), 42 Ohio St.2d 178, 183, 327 N.E.2d 654. In other words, "[a]ttorney fees may be awarded an as element of compensatory damages where the jury finds that punitive damages are warranted." Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 35,734 N.E.2d 782. However, the Ohio Supreme Court has determined "that a litigant does not have a right to trial by jury to determine the amount of attorney fees." Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552,557, 644 N.E.2d 737.[1] The appropriate amount of attorney fees to award in a given case rests in the sound discretion of the trial court.Brookover v. Flexmag Industries, Inc. 4th Dist. No. 00CA49, 2002-Ohio-2404 citing Bittner v. Tri-County Toyota, Inc. (1991),58 Ohio St.3d 143, 146, 569 N.E.2d 464; Freeman v. Crown City Mining, Inc.
(1993), 90 Ohio App.3d 546, 552, 630 N.E.2d 19.
 {¶ 11} Accordingly, a reviewing court should not reverse a trial court's determination as to the amount of attorney fees absent an abuse of that discretion. *Page 6 Bittner, 58 Ohio St.3d at 146, 559 N.E.2d at 467. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court.Id.
 {¶ 12} When a trial court does not submit the issue of attorney fees to the jury and instead conducts a hearing to consider the issue of reasonable attorney fees, the trial judge is charged with determining, first, whether attorney fees are warranted and, if so, the reasonable value thereof. Davis v. Owen (1985), 26 Ohio App.3d 62, 64,498 N.E.2d 202.
 {¶ 13} In determining whether attorney fees are warranted, the general rule is that reasonable attorney fees may be awarded where punitive damages have also been awarded. Columbus Finance, Inc. v. Howard (1975),42 Ohio St.2d 178, 183, 327 N.E.2d 654. However, a trial court may decline to award any amount of attorney fees if the defendant upon whom such fees will be imposed successfully rebuts the presumption that reasonable fees should be awarded. Parry Co., Inc. v. Carter 4th Dist. No. 01CA2617, 2002-Ohio-2197. Thus, a trial court may consider whether the punitive damages awarded are adequate both to compensate the plaintiff for his attorney fees and to fulfill the punitive and deterrent purpose of the *Page 7 
exemplary damages awarded. Id. at ¶ 41 citing Digital Analog DesignCorp. v. North Supply Co. (1992), 63 Ohio St.3d 657, 664,590 N.E.2d 737. If the trial court concludes that the punitive damages are sufficient to fulfill those purposes without the imposition of attorney fees, the court may decline to award such fees. Id.
 {¶ 14} Next, should the trial court determine that reasonable attorney fees are warranted, it must determine the reasonable value of such fees. The factors to consider when awarding attorneys fees are as follows:
 (1) the time and labor involved in maintaining the litigation;
 (2) the novelty, complexity, and difficulty of the questions involved;
 (3) the professional skill required to perform the necessary legal services;
 (4) the experience, reputation, and ability of the attorneys; and
 (5) the miscellaneous expenses of the litigation.
Villella v. Waikem Motors, Inc. (1989), 45 Ohio St.3d 36, 41,543 N.E.2d 464 citing Hutchinson v. J.C. Penney Cas. Ins. Co. (1985),17 Ohio St.3d 195, 200, 478 N.E.2d 1000. Other factors to consider are "[t]he fee customarily charged in the locality for similar legal service" and "[t]he amount involved and the results obtained." Id. citing DR 2-106(B), Code of Professional Responsibility.
 {¶ 15} Regarding Maynard's motion for attorney fees in the present case, the trial court stated, in relevant part, as follows: *Page 8 
 This Court has reviewed the decision issued in this case by the Third District Court of Appeals as well as the Ohio Supreme Court case of Villella v. Waikem Motors, Inc., 45 Ohio St.3d 36. This Court has also conducted an exhaustive examination of the billing records from Plaintiff's counsel. It is the finding of this Court that . . . an award of attorney fees is not appropriate.
See June 8, 2006 Journal Entry, p. 2.
 {¶ 16} We note that the trial court's Journal Entry does not reflect the two-part finding concerning attorney fees consistent with Davis v.Owen (1985), 26 Ohio App.3d 62, supra. However, our review of the record demonstrates that the evidence presented at the June 9, 2005 hearing provided enough information for the trial court to consider first, whether an award of attorney fees to Maynard was warranted and second, the potential reasonable value of such fees.
 {¶ 17} On April 4, 2003 the trial court ordered Eaton to pay Maynard a total of $1.15 million in damages. $200,000 of this amount was awarded as punitive damages and represents almost one-fifth of the total verdict. The evidence presented at the June 9, 2005 hearing demonstrated that Maynard had three attorneys working on his case: Ms. Knoll expended 736.20 hours at the rate of $200 per hour, for attorney fees of $147,240; Mr. Bricker expended 9.75 hours at the rate of $150 per hour, for attorney fees of $1,462.50; and Mr. McGuire expended 339.90 hours at the rate of $200 per hour, for attorney fees of $67,980. Accordingly, the total amount of attorney fees incurred by Maynard was $216,982.50. *Page 9 
 {¶ 18} At the June 9, 2005 hearing Eaton presented the testimony of attorney Harry Quick ("Quick"), presumably to rebut the presumption in favor of awarding attorney fees to the prevailing party when punitive damages have been awarded. Quick testified that he was the lead attorney responsible for the representation of Eaton in the present case. (Transcript ("Tr.") of June 9, 2005 hearing, pp. 96-97). Quick testified that the parties conducted settlement discussions prior to the first trial and during the second trial. (Tr. pp. 99-100). Quick also testified that there were not any unusual delays in this case (Tr. p. 99) and that he did not think there were any problems in the way Eaton responded to discovery matters. (Tr. p. 99, 106).
 {¶ 19} Since the claimed amount of attorney fees is $216,982.50 we find that the punitive damages award of $200,000 is not adequate both to compensate Maynard for attorney fees and to fulfill the punitive and deterrent purpose of the exemplary damages awarded. See Pawul v.Pawul 8th Dist. No. 72433, 1998 WL 122370.
 {¶ 20} Based on the foregoing, we find that the trial court abused its discretion in failing to award any attorney fees to Maynard in the present case since the evidence presented by Eaton at the June 9, 2005 hearing failed to rebut the presumption in favor of awarding Maynard's attorney fees. Additionally, we find that the punitive damage award of $200,000 is inadequate to both compensate *Page 10 
Maynard for his attorney fees and fulfill the punitive and deterrent purpose of the exemplary damages awarded.
 {¶ 21} Accordingly, Maynard's first assignment of error is sustained and the trial court is instructed to award Maynard reasonable attorney fees in an amount consistent with the evidence already in the record.
 ASSIGNMENT OR ERROR II THE TRIAL COURT ERRED IN FAILING TO AWARD PRE-JUDGMENT INTEREST.
 {¶ 22} In his second assignment of error, Maynard alleges that the trial court erred in denying his motion for pre-judgment interest.
 {¶ 23} A trial court's determination of whether to grant pre-judgment interest will be upheld absent an abuse of discretion. Vilagi v.Allstate Indemnity Co. 9th Dist. No. 03CA008407, 2004-Ohio-4728 citingWagner v. Midwestern Indem. Co. 1998), 83 Ohio St.3d 287, 293,699 N.E.2d 507. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 24} In addressing the propriety of pre-judgment interest in the present case, we are guided by R.C. 1343.03(C) which allows for the recovery of interest from the date the cause of action accrued in cases involving tortious conduct that are not settled by agreement of the parties upon a motion by the prevailing party. *Page 11 Maynard v. Eaton Corporation, 3rd Dist. No. 9-03-48, 2004-Ohio-3025
citing R.C. 1343.03(C). However, in order to award this interest the trial court is required to determine "at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." R.C. 1343.03(C).
 {¶ 25} The Ohio Supreme Court has held that "[t]he purpose of R.C.1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy." Peyko v. Frederick (1986) 25 Ohio St.3d 164, 167,495 N.E.2d 918. Additionally, this statute was enacted to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside of a trial setting.Kalain v. Smith (1986), 25 Ohio St.3d 157, 159, 495 N.E.2d 572.
 {¶ 26} The Ohio Supreme Court has also noted that R.C. 1343.03(C) establishes "certain requirements." Moskovitz v. Mt. Sinai MedicalCenter (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331. "First, a party seeking interest must petition the court. The decision is one for the court — not any longer a jury. The motion must be filed after judgment and in no event later than fourteen days after entry of judgment."Id. citing Cotterman v. Cleveland Elec. Illum. Co. (1987), *Page 12 34 Ohio St.3d 46, 517 N.E.2d 536, paragraph one of the syllabus. "Second, the trial court must hold a hearing on the motion. Third, to award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle and, fourth, the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case."Moskovitz, 69 Ohio St.3d at 658, 635 N.E.2d 331, citing R.C. 1343.03(C).
 {¶ 27} Therefore, the crux of an award of pre-judgment interest is the trial court's determination as to whether the party required to pay the money failed to make a good faith effort to settle the case with an opposing party who also did not fail to make a good faith effort to settle the case. Maynard v. Eaton Corporation, 3rd Dist. No. 9-03-48,2004-Ohio-3025 at ¶ 31. However, in determining the issue of lack of good faith, the trial court is afforded discretion. Id. citingMoskovitz, 69 Ohio St.3d at 658, 635 N.E.2d 331. Therefore, the trial court's decision in this regard will not be reversed absent an abuse of that discretion.
 {¶ 28} A party does not fail to make a good faith effort to settle, pursuant to R.C. 1343.03(C), when he or she has "(1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." Villella v.Waikem Motors, Inc. (1989) 45 Ohio St.3d 36, 42, *Page 13 543 N.E.2d 464 citing Kalain v. Smith (1986), 25 Ohio St.3d 157, 495 N.E.2d 572; see also Moskovitz v. Mt. Sinai Medical Center (1994) 69 Ohio St.3d 638,658-659, 635 N.E.2d 331.
 {¶ 29} It is our opinion that the parties appear to agree that the issue of pre-judgment interest turns on whether Eaton, as the party required to pay the judgment, failed to make a good faith effort to settle the case. (See Maynard's brief, p. 13, Eaton's brief, p. 9;Moskovitz, supra). Accordingly, we must look to whether the trial court was provided evidence on the four factors used to determine whether a party does not make a good faith effort to settle as discussed inVillella, supra, in order to reach its decision on Maynard's motion for pre-judgment interest.
 {¶ 30} Our review of the record demonstrates that testimony was presented regarding the first factor and Eaton's full cooperation in discovery proceedings. The court heard testimony from Quick who testified that this case was a "garden variety in terms of discovery" but that he couldn't remember any "big pitched battles over discovery." (Tr. p. 97). Although Quick testified that during the second trial there was an issue with photographs that he forgot to turn over, he believed this error was harmless as the photographs "didn't do much to advance his case." (Tr. p. 98). Additionally, Quick testified that he did not think there were any unusual delays in this case, and that other than the motion to compel *Page 14 
filed in Maynard 1, the court was only called upon once to rule on discovery disputes. (Tr. p. 99).
 {¶ 31} The trial court also heard evidence regarding the second factor-rational evaluation of risks and potential liability. Maynard's counsel testified that this case was at "the top of the list in terms of risk, difficulty, and complexity" and that she felt this case was much more difficult than a previous discrimination case she had won. (Tr. pp. 11, 52-53). As a complex case such as this presumably makes risk and liability more difficult to gauge and the trial court was in the best position to assess the facts and circumstances of this case, we can assume that the trial court reasonably determined that counsel for Eaton acted in good faith in rationally evaluating its risks and potential liability.
 {¶ 32} Our review of the record demonstrates that there was no evidence presented at the June 9, 2005 hearing specifically regarding an attempt by Eaton to unnecessarily delay any of the proceedings. Accordingly, we are unable to determine whether the trial court abused its discretion as to the third factor of the test used inVillella and Moskovitz, supra, used to determine whether a party does not make a good faith effort to settle.
 {¶ 33} Finally, regarding the fourth factor and whether Eaton made a good faith monetary settlement offer or responded in good faith to an offer from Maynard, we note that extensive evidence was presented on this factor. The *Page 15 
testimony established that Eaton offered $125,000 to settle prior to the first trial which was rejected by Maynard. (Tr. pp. 79, 100). Eaton subsequently made an offer of $40,000 at the second trial which was also rejected by Maynard. (Tr. pp. 80, 100). After the liability phase of the trial, Eaton again sought to settle this case by contacting Maynard's counsel, but Maynard demanded $3.5 million to settle. (Tr. pp. 81, 100). We find that the testimony presented regarding settlement negotiations provided the trial court with enough evidence to decide whether or not Eaton failed to make or respond to offers of settlement in good faith.
 {¶ 34} Based on the foregoing, we find that the evidence presented at the June 9, 2005 hearing clearly provided the trial court with enough information to make a reasonable, rational and informed decision on the issue of pre-judgment interest. Therefore, we find that the trial court did not abuse its discretion in denying Maynard's motion for pre-judgment interest. Accordingly, Maynard's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN FAILING TO DIRECT DEFENDANT TO PAY THE CORRECT AMOUNT OF POST-JUDGMENT INTEREST.
 {¶ 35} In his third assignment of error, Maynard alleges that the trial court erred in failing to award post-judgment interest at the correct amount. *Page 16 
 {¶ 36} R.C. 1343.03 governs the issue of post-judgment interest. The version of the Ohio Revised Code applicable to the present case[2]
provides as follows:
 (A) When money becomes due and payable upon any . . . settlement between parties . . . and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct . . . the creditor is entitled to interest at the rate of ten percent per annum, and no more, unless a written contract provides a different rate of interest . . ." (Emphasis added).
 (B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct . . . shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.
 {¶ 37} The judgment in this case was rendered on April 4, 2003 and therefore, the statutory amount for post-judgment interest was ten percent per annum.
 {¶ 38} We note that although Eaton submitted a payment to Maynard, this payment was not the entire amount of post-judgment interest due and owing, and was simply structured as a partial satisfaction of judgment. Furthermore, Eaton's payment was made by calculating under the subsequently amended version of R.C. 1343.03, not the version of R.C.1343.03 applicable to the present case entitling the creditor to interest at the rate of ten percent per annum. *Page 17 
 {¶ 39} Based on the foregoing, we find that the trial court erred in failing to address Maynard's motion for post-judgment interest in its June 8, 2006 Judgment Entry. We also find that it is clear that post-judgment interest should have been awarded at the rate of tenpercent per annum. Accordingly, Maynard's third assignment of error is sustained. The trial court is instructed to award post-judgment interest in favor of Maynard at the rate of ten percent per annum, pursuant to the version of R.C. 1343.03 in effect at the time the judgment was rendered in this case.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN FAILING TO AWARD COSTS TO PLAINTIFF AS THE PREVAILING PARTY.
 {¶ 40} In his final assignment of error, Maynard alleges that the trial court erred by failing to award him costs incurred as a result of this litigation.
 {¶ 41} The applicable standard of review for an appeal concerning the award of costs is abuse of discretion. Falther v. Toney 5th Dist. No. 05CA32, 2005-Ohio-5954. This court has previously stated that "[t]he assessment of costs is a matter within the discretion of the trial court, and, absent an abuse of discretion, the trial court's decision must be upheld." Wilson v. Kenton Surgical Corp. (2001),141 Ohio App.3d 702, 707, 753 N.E.2d 233. In order to find an abuse of discretion, we must determine that the trial court's decision was *Page 18 
unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Therefore, it is based upon this standard that we review Maynard's final assignment of error.
 {¶ 42} Civ.R. 54(D) governs the award of costs and provides as follows: "[e]xcept when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Civ.R. 54(D) does not permit costs to be awarded to a non-prevailing party. Jones v. General MotorsCorp. 3rd Dist. No. 4-96-31, 1997 WL 280624 citing Vance v.Roedersheimer (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153. The Ohio Supreme Court has consistently limited the categories of expenses which qualify as "costs." Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982),69 Ohio St.2d 50, 430 N.E.2d 925. "Costs may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." Id. citingState. ex rel. Commrs. of Franklin County v. Guilbert (1907), 77 Ohio St.333, 338-339, 83 N.E. 80.
 {¶ 43} However, we note that Civ.R. 54(D) is not a grant of absolute right for court costs to be allowed to the prevailing party. State, exrel. Gravill v. Fuerst 1986), 24 Ohio St.3d 12, 13, 492 N.E.2d 809. InVance v. Roedersheimer (1992), *Page 19 64 Ohio St.3d 552, supra, the Ohio Supreme Court stated that "[o]ur interpretation of Civ.R. 54(D) is that the phrase `unless the Court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his own costs." Id. at 555,597 N.E.2d 153.
 {¶ 44} In the present case, we find that the trial court did not award costs to Maynard as the prevailing party, nor did the court "otherwise direct" Maynard to bear all or part of his own costs. The June 8, 2006 Judgment Entry does not reflect any consideration by the trial court regarding Maynard's motion for costs. Therefore, we find that the trial court abused its discretion by failing to address the matter of costs.
 {¶ 45} Accordingly, Maynard's fourth assignment of error is sustained. The trial court is directed to calculate the amount of statutory costs incurred by Maynard and award this amount to Maynard as the prevailing party consistent with Civ.R. 54(D).
 {¶ 46} For the aforementioned reasons, Maynard's second assignment of error is overruled and his first, third and fourth assignments of error are sustained. Accordingly, the June 8, 2006 Judgment Entry of the Court of Common Pleas, *Page 20 
Marion County, Ohio is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and the causeremanded. PRESTON and WILLAMOWSKI, JJ., concur. r
[1] At the jury trial commencing March 10, 2003 the trial court determined that an instruction as to punitive damages was warranted. In its verdict, the jury awarded punitive damages to Maynard. Due to the award of punitive damages, the jury could have awarded reasonable attorney fees. However, during the trial, neither party requested that the issue of attorney fees be decided by the jury. Thus, evidence regarding attorney fees was not provided and the jury was never instructed that it could award attorney fees to Maynard. Instead, Maynard appropriately filed his motion with the trial court shortly after the trial to recover attorney fees. Maynard v. EatonCorporation 3rd Dist. No. 9-03-48, 2004-Ohio-3025 ¶ 39.
[2] The current version of R.C. 1343.03(A), which became effective on June 2, 2004, states that "the creditor is entitled to interest at therate per annum determined pursuant to section 5703.47 of the Revised Code . . ." (Emphasis added). *Page 1